STATE of Tennessee ex rel. EASTERN
STATE PSYCHIATRIC HOSPITAL,
Plaintiff-in-Error,

v.

ESTATE of Mae Luntsford RAINEY,
Defendant-in-Error.

Supreme Court of Tennessee.

Feb. 5, 1973.

David M. Pack, Atty. Gen., State of Tennessee, C. Hayes Cooney, Asst. Atty. Gen., Nashville, for plaintiff-in-error.

John M. Armistead, Egerton, McAfee, Armistead, Davis & McCord, Knoxville, for defendant-in error.

## OPINION

HUMPHREYS, Justice.

Plaintiff-in-error filed a claim against the estate of Mae Luntsford Rainey for care and maintenance charges for several periods of confinement between September 23, 1961 and March 17, 1970. The executor filed a number of exceptions, only one of which was sustained, and we quote from the trial court's findings:

"The court finds as a matter of law that the State of Tennessee is not entitled to recover any of the amount claimed due and owing prior to the death of Mae Luntsford Rainey's aunt, Cora Manley, on January 9, 1968. The court finds that said Mae Luntsford Rainey was indigent at the time of her admission on September 23, 1961, and that she remained indigent until the death of Cora Manley and her inheritance of a portion of Cora Manley's estate. The court finds further that Mae Luntsford Rainey has no 'responsible relatives' within the meaning of the definition of that term set forth in § 33–302(i) T.C.A. Upon examination of Chapter 4, Title 33, Tennessee Code Annotated, particularly § 33–403, it is the court's interpretation of that particular section that if a patient in an institution of this State is indigent at the time of admission, has no responsible relatives who are not indigent, subsequently receives a 'windfall' from a source other than a responsible relative and becomes, at that time, no longer indigent within the meaning of the law, the State of Tennessee is not entitled to collect any charges over and above those charged while the patient was indigent."

The court then pronounced judgment in favor of the State of Tennessee for the part of the claim not excluded under this holding.

Plaintiff-in-error then perfected a limited appeal from the judgment, excepting to "the ruling of the court in holding as a matter of law that the State of Tennessee is not entitled to recover the full amount of the unit cost incurred by Mae Luntsford Rainey for the periods of treatment prior to the 9th day of January 1968." This appeal was made to the Court of Appeals, which court properly transferred the case

to this court, as the case had been originally tried upon a stipulation of fact.

So, the only question before this Court is, whether or not § 33–403, when read in connection with the statutory arrangement for care of patients at the State Psychiatric Hospitals, is subject to the interpretation given it by the trial judge.

The relevant Code sections prior to the 1969 amendments were as follows:

"33–402. *Liability of patients and responsible relatives for maintenance— Duty of superintendents.*—A patient in a state institution whose estate is sufficient, or, if not, who has one or more responsible relatives whose estates are sufficient, is required to pay, in whole or in part, for his maintenance in such institution. It is the duty of the superintendent in admitting patients, under any of the procedures provided herein, to ascertain the financial ability of the patient and his responsible relatives and to make an agreement in writing as to the amount to be paid, the times and methods of payment, and to require these amounts to be paid in advance, pursuant to the rules and regulations prescribed by the commissioner under the provisions of § 33–407. The financial liability of responsible relatives shall not apply to patients twenty-one (21) years of age or over in a state hospital and school. [Acts 1965, ch. 38, § 10]"

"33–403. *Determination of unit costs— Liability of patients, estates, and responsible relatives—Claims against estates— Limitations.*—The commissioner, subject to the approval of the comptroller and the commissioner of finance and administration shall determine annually, as of September 1 of each year, the unit cost for each institution under the supervision of the department, which shall be the cost of providing institutional services for an individual patient in the institution, exclusive of capital expenditures and in the case of the hospitals and schools, exclusive of the cost of educa-

tion and training. The patient, his estate, or his responsible relatives are liable to pay so much of the unit cost as his or their resources permit, as provided in § 33–402. The state shall have a continuing claim first against the patient and his estate and then against any responsible relative for any unpaid portion of the cost of maintaining the patient in a hospital or hospital and school. Upon the death of any patient, or former patient or a responsible relative of a patient, the commissioner may present a claim for any sum unpaid and owing to the state on account of such patient. The claim shall be allowed and paid as other lawful claims against the estate of the deceased person. However, no claim shall be allowed against the estate of a responsible relative for any charge assessed or incurred more than five (5) years prior to the time the claim is filed, but such five-year limitation shall not apply to the liability of the patient or his estate. [Acts 1965, ch. 38, § 11]."

We think it is perfectly clear from these statute provisions that the estate of an indigent patient, such as the decedent, Mae Luntsford Rainey, is liable to the State according to the tenor of the statutes. The statutes declare that the estate of the patient is liable, and make no exception in favor of what the trial judge has characterized as "windfall".

In Cox v. State, 222 Tenn. 606, 439 S. W.2d 267, this Court had occasion to consider in part the statutory plan for the care of mental hospital patients, and their obligation and that of their estates to pay therefor. In that case it was contended in the trial court that there could be no recovery against the patient's estate for those years of commitment prior to the time the patient acquired property sufficient to remove him from the classification as an indigent patient. Although this contention was abandoned on appeal it was mentioned in the opinion and the holding of that case, that the estate was liable, is an implicit

holding against the contention of the defendant-in-error, the executor, in this case.

Our conclusion is that the trial judge was in error in his interpretation of the applicable statutes, that the assignment of error should be sustained, and judgment awarded the State of Tennessee ex rel. Eastern State Psychiatric Hospital, as claimed.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.