**Wilma Deane Taylor Webster PHILLIPS, Plaintiff-Appellee,**

v.

**William Ralph WEBSTER, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 27, 1980.

Certiorari Denied by Supreme Court Jan. 5, 1981.

---

W. Thomas Goodall, Jr., Goodall & Rogers, Gallatin, for plaintiff-appellee.

Kurt O. E. Tschaepe, Gallatin, for defendant-appellant.

OPINION

CANTRELL, Judge.

This appeal is another in a line of cases seeking to terminate or modify an alimony award after the divorce decree has become final.

As in the other cases the outcome depends on whether the original award is *in solido* or a lump sum contrasted with *in futuro* or periodic. This Court in the recent case of *Spalding v. Spalding*, Tenn.App., 597 S.W.2d 739 quoted with approval the rule discussed in 24 Am.Jur.2d, Divorce and Separation, Sec. 614:

"Alimony in gross, or 'lump sum alimony,' is fundamentally the award of a definite sum of money; and if the sum is payable in installments, the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the husband or the remarriage of the wife. Gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise

affects its nature or effect. The fact that the award is payable in installments is not determinative of the question whether it is gross alimony or periodic alimony."

The parties in this cause were divorced by a decree entered in the Chancery Court for Sumner County, Tennessee on October 21, 1975. The divorce decree incorporated a separation and support agreement which the parties had previously executed, both being represented by counsel. The provision of the agreement which is in question here is Section Six:

"*SECTION SIX*: The husband agrees to pay unto his wife a total sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, in accordance with the following schedule:

The sum of TWO THOUSAND FIVE HUNDRED AND NO/100 ($2,500.00) DOLLARS to be paid on the 1st day of December, 1975; thereafter, the sum of TWO THOUSAND FIVE HUNDRED AND NO/100 ($2,500.00) DOLLARS on a quarterly basis, with the exception of the final payment, until fully paid. It being expressly understood and agreed that such amounts shall be paid promptly on March 1st, June 1st, September 1st and December 1st, of each year, with the final payment being made on December 31, 1985."

Other portions of the agreement provided for: child support of $30.00 per week (Section One); the designation of the children as beneficiaries under the husband's life insurance (Section Two); a college education for the children at husband's expense (Section Four); the home, furniture and a boat to be conveyed to the wife (Section Five); all other property to go to the husband (Section Seven); a lien to secure payment of the amounts due the wife attached to the property going to the husband and his shares in a corporation called RAJACO (Section Seven).

The parties modified the agreement in 1977 to shift the security previously granted to the wife to allow the husband to acquire all of the shares of RAJACO and to dispose of its property in an orderly manner. In the modification agreement the alimony payments to the wife were referred to more than once as "periodic alimony payments."

It is this reference in the modification agreement that presents the most difficulty in this cause. When the question of terminating the alimony payments was presented to the Chancellor, whose decree incorporated the separation and support agreement, the Chancellor held that the payments referred to in Section Six were alimony *in solido* or in gross.

The Memorandum Opinion of the Chancellor reflects his reasoning:

"The Court feels in order to determine the issue, it must determine the intent of the parties at the time the agreement and divorce was granted. It must be conceded by the record that the defendant had very substantial interests in various tracts of land with values greatly in excess of the $100,000.00. The plaintiff waived all rights and interest in these holdings by virtue of the property settlement. She further relinquished all rights in his very lucrative trucking and excavation business, as well as his stock in a very substantial corporation. In reviewing the financial structure of the parties, it is obvious to the Court that the $100,000.00 to be paid to the wife was an equitable division of the property. It further appears that the periodic payments were not unusual, as it would have been very difficult for Mr. Webster to have obtained the full sum and to make the final monetary payment at the time of the divorce. It is true that the wife was decreed the residence with a value of approximately $50,000.00, however, this property was indebted in an amount practically half of its valuation, and the wife by the assumption of the indebtedness was required to pay installments of $162.00 per month.

In any event, the Court feels that the intentions of the parties as nearly as can be determined must be considered and in considering the very substantial holdings of the parties prior to the divorce, it

cannot be found that the periodic payments were simply to afford the wife the necessities of life."

The Chancellor in his Memorandum did not refer to the "periodic payment" language in the modification agreement. However, we are of the opinion that the reference in the modification agreement does not change the basic character of the payments to the wife and we are in agreement with the Chancellor that the alimony described in Section Six of the agreement was alimony *in solido*. As such it was not subject to change after the decree became final.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed to the appellant. The Cause is remanded to the trial court for further proceedings.

AFFIRMED and REMANDED.

TODD and LEWIS, JJ., concur.