**Glenn A. NOBLE, Plaintiff–Appellee,**

v.

**Frances STUBBLEFIELD (Noble), Defendant–Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

March 23, 1988.

Permission to Appeal Denied by Supreme Court July 18, 1988.

George P. Linebaugh, Jr., Nashville, for plaintiff-appellee.

Ernest W. Williams, Franklin, for defendant-appellant.

### OPINION

TODD, Presiding Judge.

The defendant-wife, Frances Stubblefield Noble has appealed from a post-divorce order terminating periodic alimony.

Appellant presents issues of whether there was a change of circumstances to justify termination of alimony; whether the alimony was periodic or in solido; and whether the Trial Court retained authority to modify an irrevocable trust.

On July 5, 1984, the Trial Judge entered a judgment which read in pertinent part as follows:

This cause came on to be heard on the 5th day of July, 1984, before the Honorable Muriel Robinson, Judge of the Fourth Circuit Court for Davidson County, Tennessee, on the Complaint for Divorce, Answer and Counter-Claim of Defendant, the Property Settlement Agreement, the testimony of Plaintiff in Open Court, and the record as a whole, from all of which it duly appeared to the Court that Plaintiff is entitled to an absolute divorce on the grounds of irreconcilable differences; that the parties have entitled (sic) into an equitable settlement of any property rights between them; and that the parties have no minor children.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff, Glenn A. Noble, be granted an absolute divorce from the Defendant, Frances Stubblefield Noble, on the grounds of irreconcilable differences, and that the parties be restored to all the rights and privileges of unmarried persons.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant's maiden name "Stubblefield" be restored.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Property Settlement Agreement executed by and between the parties be and is hereby approved by the Court and judgment rendered thereon in the form and substance set forth below.

The Property Settlement Agreement attached to the judgment read in pertinent part as follows:

2. It is understood and agreed between the parties that the Husband shall establish a trust for the use and benefit of the Wife which shall take effect upon a decree of divorce between the parties in the suit now pending between them becoming final, in the principal amount of $50,000.00, a copy of said Trust being attached hereto and made a part hereof. Payment from said Trust to the Wife shall commence effective as of June, 1984.

The Trust Agreement attached to the Property Settlement Agreement and the judgment read in pertinent part as follows:

1. *Trust Property.*

The Grantor, desiring to create a trust for the benefit of Frances Stubblefield (formerly Frances Stubblefield Noble) and for other good and valuable consideration, irrevocably assigns to the Trustee the property described in attached Schedule A (the "trust property") in trust for the purposes and on the conditions hereinafter stated.

2. *Dispositive Provisions.*

The Trustee shall hold the trust property as reflected in Schedule A and shall collect and receive the income, and shall pay therefrom Five Hundred dollars ($500.00) per month on or before the 10th day of each month, to Frances Stubblefield (formerly Frances Stubblefield Noble) for and during her entire lifetime. Upon the death of Frances Stubblefield (formerly Frances Stubblefield Noble) the Trustee shall pay the principal and accumulated income, if any, in equal shares, one share to each child of the Grantor surviving the termination of the trust and one share to the issue of any child of the Grantor then deceased leaving issue, per stirpes, and not per capita.

. . . .

8. *Irrevocability.*

The trust shall be irrevocable and the Grantor expressly waives all rights and powers, whether alone or in conjunction with others, and regardless of when or from what source he may have acquired such rights and powers, to alter, amend, revoke or terminate the trust or any of the terms of the agreement in whole or in part.

On February 25, 1987, plaintiff filed a "Petition to Terminate Alimony Payments".

The petition alleged that the divorce decree awarded alimony of $500.00 per month. A close scrutiny of the divorce decree, the property settlement agreement and the trust agreement fails to disclose the use of the word, alimony, or any equivalent word therein.

The petition alleges that, since the divorce decree, the defendant has become financially independent and no longer needs the $500 per month "alimony".

The petition prays that "all periodic alimony payments be terminated".

The answer to the petition avers that the $50,000 trust fund was alimony in solido and not subject to modification by the Trial Court.

Upon hearing the petition, the Trial Judge filed a memorandum stating:

It appears to the Court that by the terms of the Property Settlement Agreement incorporated into the Final Decree entered in this cause on the 16th day of July, 1984, the petitioner established a so-called "Irrevocable Trust" in the amount of fifty thousand dollars ($50,-000.00) from which the defendant was to receive the sum of five hundred dollars ($500.00) per month for her lifetime. The court is of the opinion and finds that these monthly payments constitute alimony *in futuro*. That the parties referred to the trust as "irrevocable" is of no force and effect insofar as this court is concerned, because a divorce decree remains in the Court's control, and upon application of either party, the Court may decree an increase or decrease of alimony or support, notwithstanding an agreement of the parties to the contrary.

Further, the court finds that the defendant's conversion of non-income producing property into income producing property constitutes a substantial and material change of circumstances, and therefore the alimony *in futuro* obli-

gation of the petitioner shall be terminated.

An order was entered:

"that the alimony payments from Glenn Noble to Frances Stubblefield terminate immediately".

Defendant has appealed and presented the following issues:

1. Whether the Trial Court has the authority to modify an irrevocable trust agreement established as part of the Property Settlement Agreement and incorporated into the Final Decree.

2. Whether the payment Plaintiff was required to make to an irrevocable trust under the Final Decree constitutes alimony *in solido* or alimony *in futuro*.

3. Whether the Appellant's sale of a farm she owned prior to her marriage to Glenn Noble that was non-income producing and converted into income producing cash, after her divorce from Glenn Noble, constituted a material change of circumstances permitting the Trial Court to modify the Final Decree and terminate alimony.

As previously stated, this court fails to find the word, alimony, or any equivalent word, in the decree, the property settlement agreement or the trust instrument.

The property settlement does *not* state that the plaintiff will pay or provide payment of alimony.

The divorce decree does *not* require that plaintiff pay or provide payment of alimony.

The trust instrument does *not* in any way relate the periodic payments provided therein to alimony.

The substance of the document entitled "Property Settlement Agreement" confirms its title. It states:

This Property Settlement Agreement contains the entire agreement between the parties, and is contractual in nature and not a mere recital.

It is understood and agreed between the parties hereto that this Agreement is intended to be a final settlement of all property rights and obligations of the respective parties hereto and shall consti-

tute a discharge from all claims arising out of their marital relationship except as provided herein. Each party hereby waives and relinquishes to the other all rights or claims which each may have or hereafter acquire under the law of any jurisdiction with respect to the other's property, including without limitation, dower, curtesy, statutory allowance, homestead rights, rights to take against the will of the other, inheritance, descent or distribution or right to act as administrator or executor of the other's estate except as provided by the terms of this Agreement.

It is seen that the agreement not only fails to provide alimony, it does provide other considerations for the trust required by the agreement.

It is next seen that the petition does not seek a termination of trust fund payments, but of alimony which was not provided by the agreement of the parties nor ordered by the judgment of the Court.

■ It is unquestioned that a divorce court may for good cause terminate an obligation of alimony created and ordered by the Court. Since no alimony was provided in the settlement agreement approved by the court, and the decree did not otherwise order the payment of alimony, there was no alimony order to alter and no alimony to terminate.

■ A Court has the authority under proper circumstances to alter or modify its orders, but a Court has no authority to alter a contract of the parties or a trust created pursuant thereto because of a "change of circumstances."

If the parties had desired that their contract be subject to change by the Court, they might easily have so provided in their contract, or in the trust instrument, but this was not done.

In *Penland v. Penland*, Tenn. 1975, 521 S.W.2d 222, the parties entered into a property settlement including:

(c) The husband shall assume liability for all future educational expenses of the children beyond high school level.

After the children reached the age of majority (18 years) the mother filed petitions in the divorce case seeking enforcement of the above stated provision which was incorporated into the divorce decree. The Supreme Court held:

(3)(4) The authority of the courts to order child support and, if necessary, to enforce same by the process of contempt, is statutory, and generally exists only during minority. (citing authority) When the husband and wife contract with respect to the legal duty of child support, upon approval of that contract, the agreement of the parties becomes merged into the decree and loses its contractual nature.

However, (citing authorities) it is clear that the reason for stripping the agreement of the parties of its contractual nature is the continuing statutory power of the Court to modify its terms when changed circumstances justify. It follows, and we so hold, that only that portion of a property settlement agreement between husband and wife dealing with the legal duty of child support, or alimony over which the Court has continuing statutory power to modify, loses its contractual nature when merged into a decree for divorce.

. . . .

Paragraph 2(c) of the contractual agreement between the Penlands makes no reference, direct or indirect, to age, majority or minority.

. . . .

Being without any limitation, it necessarily envisioned continuance of the obligation beyond age 21, the age of majority at the time the agreement was entered into.

We hold that Paragraph 2(c) is a contractual obligation outside the scope of the legal duty of support during minority, and retained its contractual nature, although incorporated in the final decree of divorce. Mrs. Penland or the daughters are entitled to enforce said obligation by the obtaining of a money judgment, from time to time, as the obligation matures, and for the enforcement thereof by execution as provided by law.

In the present case, the property settlement contract included all interests and rights of the parties and it does not reflect what part of the trust fund payments, if any, was allocated to the obligation to pay support and what part was allocated to other matters such as division of property.

■ Indeed, the evidence shows that there was a very real and substantial reason for and consideration of the trust fund other than the obligation of support. Mrs. Noble testified without contradiction that the trust fund was set up by Mr. Noble to replace money that she lost as a result of the marriage which was received from the government as a result of the death of her husband. Although no other details are stated, it may be inferred that, prior to her marriage to Mr. Noble, Mrs. Noble received from the government monthly support which would terminate at her death or remarriage, that her marriage to Mr. Noble caused the termination of the government payments which would not be resumed after her divorce from Mr. Noble. This circumstance amply explains and supports the finding of this Court that the trust fund was not merely a device for paying alimony so long as needed, but was a part of an overall settlement of the affairs of the parties which exceeded the obligation to support which the Court had statutory authority to enforce and therefore retained its contractual nature in spite of having been approved "and judgment rendered thereon" by the Trial Court.

Mr. Noble testified that the trust was created to provide Mrs. Noble a monthly payment of Five Hundred Dollars for her lifetime and at her death it was to revert back to Mr. Noble, the grantor. Mr. Noble did not testify that the trust fund was for alimony or was terminable at the discretion of the Court. Mr. Noble erroneously testified regarding the reversion of the trust fund. The Trust instrument specifically provides that reversion shall be to the children of Mr. Noble.

■ The evidence shows without contradiction that since the divorce, Mrs. Noble has sold a non-income producing farm for a sufficient sum to provide her a comfortable living for life. Therefore, if she had any right to periodic alimony, it was properly terminated. The right to alimony was actually waived and lost by failure to provide for it in the decree. *Davenport v. Davenport*, 178 Tenn. 517, 160 S.W.2d 406 (1942).

It is noted that the judgment under review ordered that alimony payments terminate immediately, but did not attempt to alter payments under the trust instrument. To the extent of terminating support payments enforceable under the divorce law, the judgment of the Trial Judge was correct, although superfluous.

■ Whether the trust fund was intended as alimony in solido, or a consideration for a property settlement or both, or otherwise, it was and is not subject to revision by a divorce court for change of circumstances. *Third National Bank v. Brown*, Tenn.App.1985, 691 S.W.2d 557; *Aleshire v. Aleshire*, Tenn.App.1981, 642 S.W.2d 729; *Phillips v. Webster*, Tenn.App.1980, 611 S.W.2d 591; *Spalding v. Spalding*, Tenn.App.1980, 597 S.W.2d 739.

To the extent that the judgment of the Trial Judge may be interpreted as ordering the trustee to terminate payments provided in the trust instrument, the judgment should be and is hereby modified to include the following provision:

This order is not intended to and does not affect the provisions of or enforceability of the trust instrument executed as a part of the property settlement agreement executed by the parties.

The judgment of the Trial Court is modified as heretofore stated and, as modified, is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Modified and affirmed.

LEWIS and CANTRELL, JJ., concur.