| | | |
|---|---|---|
| VIRGINIA GRAF WADDEY, | ) | |
| | ) | **Davidson Circuit** |
| Plaintiff/Appellant, | ) | **No. 81D-2266** |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| IRA CLINTON WADDEY, JR., | ) | **01A01-9708-CV-00374** |
| | ) | |
| Defendant/Appellee, | ) | |

**FILED**

**June 12, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE DAVIDSON COUNTY CIRCUIT COURT
AT NASHVILLE, TENNESSEE

HONORABLE ROBERT E. CORLEW, III, Designated Judge

F. Dulin Kelly, #4085
Clinton L. Kelly, #16171
Andy L. Allman, #17857
KELLY & KELLY
629 East Main Street
Hendersonville, Tennessee 37075
ATTORNEYS FOR PLAINTIFF/APPELLANT

Albert F. Moore, #6709
NEAL & HARWELL, PLC
2000 First Union Tower
150 Fourth Avenue North
Nashville, Tennessee 37219
ATTORNEY FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM B. CAIN, JUDGE

| | |
|---|---|
| VIRGINIA GRAF WADDEY, | ) |
| | )     **Davidson Circuit** |
|     **Plaintiff/Appellant,** | )     **No. 81D-2266** |
| | ) |
| **VS.** | ) |
| | )     **Appeal No.** |
| **IRA CLINTON WADDEY, JR.,** | )     **01A01-9708-CV-00374** |
| | ) |
|     **Defendant/Appellee,** | ) |

# O P I N I O N

The plaintiff Virginia Graf Waddey, has appealed from the Trial Court's dismissal of her post-divorce decree petition to extend her periodic alimony because of a change in circumstances.

On September 1, 1982, the Trial Court entered a divorce decree adopting a "Child Custody and Property Settlement Agreement" executed by the parties and providing:

> This cause came on to be heard on the 2nd day of September, 1982, before the Honorable Thomas A. Greer, Jr., Special Judge designated by appointment, upon the Divorce Bill heretobefore filed in this cause, upon the Agreed Order permitting a withdrawal of the Amendments to said Divorce Decree and allowing this matter to be presented on the statutory grounds of irreconcilable differences as alleged in the Divorce Bill, upon the written Child Custody and Property Settlement Agreement executed by the parties, upon the testimony of witnesses presented in open Court, upon statement of counsel, and upon the entire record in this cause, from all of which the Court finds that the Complainant, Virginia Graf Waddey, and the Defendant, Ira Clinton Waddey, Jr., have experienced such irreconcilable differences in their marriage as would render further cohabitation improper.

> It is, therefore, ORDERED, ADJUDGED and DECREED that the bonds of matrimony subsisting between the Complainant, Virginia Graf Waddey, and the Defendant, Ira Clinton Waddey, Jr., be absolutely and forever dissolved and that the Complainant, Virginia Graf Waddey, be granted an absolute divorce and be vested with all the rights and privileges of an unmarried person.

> It is, therefore, ORDERED, ADJUDGED and DECREED that the Child Custody and Property Settlement Agreement as executed by the parties is in all respects approved and ratified in full and is incorporated as a part of this Divorce Decree, the same as if copied herein verbatim,

and said Agreement shall be given full force and effect in all respects between the parties hereto as an Order of this Court.

The Child Custody and Property Settlement Agreement contained the following provision:

> 2. Mr. Waddey agrees to pay to Mrs. Waddey as periodic alimony *in futuro* the sum of One Thousand ($1,000) Dollars per month with the first of said payments being made on or before September 10, 1982, and subsequent payments at monthly intervals thereafter until the death of Mrs. Waddey, the remarriage of Mrs. Waddey, or March 1, 1996, whichever event shall first occur.
>
> - - - -
>
> Further, each of the parties reserve the right to petition the Court for proper modification of provisions remaining within the jurisdiction of the Court upon a change of circumstance.

On March 29, 1996, plaintiff filed a "Petition for Contempt and for Modification of Award of Support" alleging:

> 13. Further, the Petitioner, in or about July 10, 1995, was diagnosed with a malignant tumor which resulted in bilateral mastectomies revealing additional malignant sites.
>
> 14. As a result of this diagnosis, Petitioner has undergone two breast reconstruction surgeries and six chemotherapy treatments causing premature menopause and hot flashes resulting in fatigue due to sleep disturbances.
>
> 15. Due to the resection of her abdominal muscles during this reconstruction, Petitioner now suffers abdominal weakness which limits her physical activities.
>
> 16. Thus far Petitioner has incurred approximately Fifty-Six Thousand Dollars ($56,000.00) in medical expenses, some of which was covered by her medical insurance under an 80/20 PPO plan with a One Thousand Dollar ($1,000.00) deductible.
>
> 17. Petitioner's medical condition will require her to take certain medications for the remainder of her life as well as additional physician visits and has already forced her to spend substantial amounts of time away from work.
>
> 18. Petitioner's medical condition has severely diminished her ability to earn a living and created a material and substantial change in circumstances which were not in the contemplation of the parties, or before this Court, at the time this Final Decree was entered.

The petition requested:

> 4. That the Court modify its original Final Decree and order the Respondent to continue his alimony obligation in the amount of One Thousand Dollars ($1,000.00) per month for the remainder the Petitioner's life or until she remarries.

The defendant moved to dismiss for lack of jurisdiction.

The Trial Court entered an order stating:

> The portion of Ms. Waddey's Petition for Contempt and for Modification of Award of Support seeking to extend or revive the alimony obligation of Mr. Waddey which terminated absolutely by its terms on March 1, 1996, was untimely filed on March 29, 1996, and that Mr. Waddey's Motion to Dismiss Claims for Modification of Alimony should be GRANTED.

Plaintiff appealed and presented a single issue as follows:

> I. Does the divorce court have jurisdiction to entertain a petition for modification of alimony *in futuro* if the wife files her petition after the payment termination date?
>
> Yes, the Divorce Court retains jurisdiction because it has a continuing statutory power to modify the settlement agreement as to alimony *in futuro*, and the parties specifically reserved within the settlement agreement the right to petition the Court for modification in the event of a change in circumstances.

T.C.A. § 36-4-101(11) makes irreconcilable differences a valid cause of absolute divorce.

T.C.A. § 36-5-101(a)(1) provides that a divorce decree may provide for the suitable support and maintenance of either spouse by the other spouse, the order to remain in the court's control.

T.C.A. § 36-5-101(d)(1) provides

> It is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and

-4-

maintenance. Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3). Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony.

Termination or modification of an alimony award after a divorce decree becomes final depends upon whether the original award was *in solido,* or lump sum or *in futuro,* or periodic. Alimony *in solido* is not subject to change after the decree becomes final. The mere fact that lump sum alimony is payable in installments is neither conclusive nor determinative regarding its statue as *in solido* or *in futuro* alimony. Phillips v. Webster, Tenn. App. 1980, 611 S.W.2d 591.

The awarding of alimony *in solido* in installments is an acceptable practice. The determinative factor in distinguishing between alimony *in futuro* and alimony *in solido* is the definiteness or indefiniteness of the amount ordered to be paid. *Isbell v. Isbell*, Tenn. 1991, 816 S.W.2d 735.

In *Phillips, supra*, the 1975 divorce decree provided lump sum alimony of $100,000 payable in specified installments. In 1977, the parties executed an agreement modifying the security pledged to secure the support. The agreement refers to "periodic alimony payments." This Court held that the quoted words were ineffective to transform court-ordered unchangeable lump sum alimony into periodic changeable alimony.

In the present case, by the unique wording of the property settlement agreement and divorce decree, a unique status of lump sum alimony was created. That is, it was agreed and decreed that, during the time frame of the installment payments, the alimony would be considered periodic and changeable. The special and unusual reservation of power to change what would otherwise be unchangeable ended on the date of the last scheduled

payment. After the expiration of the time fixed for installment payments, the alimony became lump sum and unchangeable.

This resolution of the problem is not entirely satisfying, for it is subject to the characterization of "make-shifting." However, the reverse of this resolution would produce an even more unsatisfactory result, for it would authorize a trial court to perpetuate its power to change lump sum alimony until the death or remarriage of the recipient.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for necessary further proceedings.

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM B. CAIN, JUDGE