# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 15, 2012 Session

## KATHY LYNN AVERITTE v. WILLIAM RONNY AVERITTE

### Direct Appeal from the Circuit Court for Rutherford County
### No. 61283      Royce Taylor, Judge

### No. M2012-00738-COA-R3-CV - Filed January 29, 2013

This appeal involves a post-divorce dispute over whether the parties' MDA required the payment of alimony in futuro or alimony in solido. The Wife remarried shortly after the parties' divorce, and the Husband filed a motion to terminate his alimony obligation, claiming that the obligation was for alimony in futuro, which automatically terminates upon remarriage. The trial court concluded that the obligation was for alimony in futuro, and therefore, the court granted the Husband's motion to terminate his alimony obligation. Wife appeals. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Frank M. Fly, Heather G. Parker, Murfreesboro, Tennessee, for the appellant, Kathy Lynn Averitte

Tracy L. Light, Smyrna, Tennessee, for the appellee, William Ronny Averitte

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Kathy Lynn Averitte ("Wife") and William Ronny Averitte ("Husband") were divorced in February 2011. The final decree of divorce incorporated a marital dissolution agreement ("MDA") entered into by the parties, which required Husband to pay alimony to Wife in the amount of $1,200 per month. Wife remarried on or about August 1, 2011, and Husband filed a motion to terminate his alimony obligation on August 4, 2011. Although the MDA did not state that Husband's alimony obligation would terminate upon Wife's remarriage, Husband argued that termination was required as a matter of law because the MDA specifically referred to the alimony award as "periodic alimony." Tennessee Code Annotated section 36-5-121(f) provides that alimony in futuro is "also known as periodic alimony," and such an award "shall terminate automatically and unconditionally upon the death or remarriage of the recipient."

Wife filed a response in which she stipulated that she had remarried. However, Wife argued that her remarriage did not affect Husband's alimony obligation because the MDA required Husband to pay a definite sum of money over a definite period of time, without any conditions or contingencies with regard to termination of the alimony obligation.[1] Wife claimed that the MDA had "mistakenly" referred to the alimony as "periodic alimony," because under Tennessee law, the substance of the alimony provision clearly described an award of alimony in solido, which is not modifiable and does not terminate upon remarriage.

> The specific terms of the alimony provision were as follows:
> SPOUSAL SUPPORT: Husband agrees to pay Wife periodic alimony in the amount of $1,200 per month for a period of 7 years which is 84 months with the first such payment to be due on February 15, 2011 and a like payment to be due on the 15th day of each and every month thereafter for a total of 84 payments.

Following a hearing, the trial court entered an order granting Husband's motion to terminate his alimony obligation. The court noted that "periodic alimony" is one of the four types of alimony available in Tennessee, and because the MDA referred to the obligation as "periodic alimony," the court concluded that Husband's obligation was subject to the statutory rules for periodic alimony "even though" the alimony obligation described was for "a period of

---

[1] Wife pointed out that another obligation set forth in the MDA specifically stated that it would continue "for the remainder of Wife's life or until she remarries," while the alimony provision contained no such language.

time" and "a fixed amount." Wife timely filed a notice of appeal.

## II. ISSUE PRESENTED

The issue presented by Wife on appeal is, basically, whether the trial court erred in concluding that the MDA provided for alimony in futuro that terminated automatically upon Wife's remarriage. For the following reasons, we reverse the decision of the circuit court and remand for further proceedings.

## III. STANDARD OF REVIEW

The facts of this case are undisputed. The only issue is whether the alimony award set out in the MDA was alimony in futuro, and therefore modifiable, or alimony in solido, which is not subject to modification. This is a question of law, which we review de novo, with no presumption of correctness. *Kelly v. Kelly*, No. M2008-02170-COA-R3-CV, 2009 WL 1312839, at *1 (Tenn. Ct. App. May 11, 2009); *Schmidt v. Schmidt*, No. M2004-01350-COA-R3-CV, 2005 WL 2240960, at *2 (Tenn. Ct. App. W.S. Sept. 15, 2005).

## IV. DISCUSSION

"Current Tennessee law recognizes several distinct types of spousal support, including (1) alimony in futuro, (2) alimony in solido, (3) rehabilitative alimony, and (4) transitional alimony." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 107 (Tenn. 2011) (citing Tenn. Code Ann. § 36-5-121(d)(1)). For purposes of this appeal, only alimony in futuro and alimony in solido will be discussed, for neither party argues that the award described in the MDA was rehabilitative or transitional alimony.

"The first type of spousal support, alimony in futuro, is intended to provide support on a long-term basis until the death or remarriage of the recipient." *Gonsewski*, 350 S.W.3d at 107 (citing Tenn. Code Ann. § 36-5-121(f)(1)). "An award of alimony in futuro remains in the court's control for the duration of the award and may be modified upon a showing of substantial and material change in circumstances." *Id.* at 108 n.9 (citing Tenn. Code Ann. § 36-5-121(f)(2)(A)). "The second type of support, alimony in solido, is also a form of long-term support." *Id.* at 108. However, it differs from alimony in futuro due to the definiteness of the award. "The total amount of alimony in solido is set on the date of the divorce decree and is either paid in a lump sum payment of cash or property, or paid in installments for a definite term." *Id.* (citing Tenn. Code Ann. § 36-5-121(h)(1); *Broadbent v. Broadbent*, 211 S.W.3d 216, 222 (Tenn. 2006)). An award of "alimony in solido is considered a final judgment, 'not modifiable, except by agreement of the parties,'" and it does not terminate upon death or remarriage. *Id.* (quoting Tenn. Code Ann. § 36-5-

121(h)(2)).

Clearly, "the nature of the alimony award becomes important when one party seeks to modify or terminate the award," as alimony in futuro is modifiable and alimony in solido is not. *Schmidt*, 2005 WL 2240960, at *3. "Discerning the nature of the award can [] be challenging if the language of the decree is not sufficiently descriptive," because both types of alimony "are typically comprised of court-ordered periodic payments."[2] *Id.* The mere fact that the obligation "'is payable in installments is neither conclusive nor determinative regarding its status as in solido or in futuro.'" *Isbell v. Isbell*, 816 S.W.2d 735, 738 (Tenn. 1991) (quoting *Gerlach v. Gerlach*, No. 122, 1988 WL 102744, at *2 (Tenn. Ct. App. E.S. Oct. 6, 1988)). Both alimony in futuro and alimony in solido are "forms of 'long term or more open-ended support.'" *Burlew v. Burlew*, 40 S.W.3d 465, 471 (Tenn. 2001).

Not surprisingly, there are many cases in which Tennessee's appellate courts have been required to review alimony awards in order to determine whether they constituted awards of alimony in futuro or alimony in solido. In that context, our Supreme Court has explained:

> Whether alimony is in futuro or in solido is determined by either the definiteness or indefiniteness of the sum of alimony ordered to be paid at the time of the award. Alimony in solido is an award of a definite sum of alimony. Alimony in solido may be paid in installments provided the payments are ordered over a definite period of time and the sum of the alimony to be paid is ascertainable when awarded. Alimony in futuro, however, lacks sum-certainty due to contingencies affecting the total amount of alimony to be paid.

*Waddey v. Waddey*, 6 S.W.3d 230, 232 (Tenn. 1999) (citations omitted). "The determining factor in distinguishing whether alimony is in futuro or in solido is the definiteness or

---

[2] In one such case involving this issue, *Self v. Self*, 861 S.W.2d 360, 363-364 (Tenn. 1993), our Supreme Court warned:

> Obviously, great care should be exercised by counsel and trial courts in crafting decrees. The decree should reflect the court's findings with regard to the circumstances of the parties, the purpose or expected results of the relief granted, and the specific benefits granted to and obligations imposed upon the respective parties. In addition to the rights and obligations of the parties with respect to each other, the liability for taxes, the rights of creditors, and other significant consequences may depend upon the preciseness of the language employed in the decree. Construction by the courts of uncertain and ambiguous language is a poor substitute for careful articulation.

indefiniteness of the amount ordered to be paid." *Isbell*, 816 S.W.2d at 738. "Thus, to determine the type of alimony created, courts must look at the award of alimony at the time the award is made and determine if the sum of the alimony to be paid was definite and ascertainable at that time." *In re Estate of Steil*, No. M2011-00701-COA-R3-CV, 2012 WL 1794979, at \*4 (Tenn. Ct. App. May 16, 2012). "If the alimony award contains contingencies that may affect the total amount to be paid, the award is for alimony in futuro because the total amount of alimony is not definite and ascertainable at the time the award is made." *Kelly*, 2009 WL 1312839, at \*2 (citing *McKee v. McKee*, 655 S.W.2d 164, 165-66 (Tenn. Ct. App. 1983)).

> To recap, the MDA provision at issue in this case provides:
> SPOUSAL SUPPORT: Husband agrees to pay Wife periodic alimony in the amount of $1,200 per month for a period of 7 years which is 84 months with the first such payment to be due on February 15, 2011 and a like payment to be due on the 15th day of each and every month thereafter for a total of 84 payments.

Again, the fact that the obligation was to be paid in installments is "neither conclusive nor determinative regarding its status as in solido or in futuro." *Isbell*, 816 S.W.2d at 738. The "determining factor . . . is the definiteness or indefiniteness of the amount ordered to be paid." *Id.*; *see also Waddey,* 6 S.W.3d at 232. We conclude that Husband's alimony obligation was definite and ascertainable at the time of the award because the MDA did not provide any contingencies upon which Husband's obligation would terminate. It required him to pay $1,200 per month for seven years, "for a total of 84 payments," which indicates that the parties intended the obligation to be for a definite term and a definite sum. "Tennessee law has long recognized that an award of monthly payments of alimony for a definite period, without any conditions or terminating factors, is an award of alimony in solido." *Sommerville v. Sommerville*, No. 01A01-9502-CV-0007, 1995 WL 498943, at \*1 (Tenn. Ct. App. Aug. 23, 1995) (citing *Spalding v. Spalding*, 597 S.W.2d 739 (Tenn. Ct. App. 1980)). Although the MDA did not specify the total amount to be paid, the full amount of alimony payable—$100,800—can be definitely determined by simply multiplying the monthly sum ($1,200) times the designated duration (84 months). It is "not necessary" for a decree to set forth the total amount of an award of alimony in solido as a lump sum, because it can be easily determined by mathematical calculation. *Isbell*, 816 S.W.2d at 738 ("The total amount of the in solido award is easily calculable at $900 per month for 48 months."); *Bryan v. Leach*, 85 S.W.3d 136, 149-50 (Tenn. Ct. App. 2001) ("Although the total amount of the alimony [in solido] award is not stated in the agreement, simple arithmetic can determine how much Father agreed to pay when he entered the agreement.")

We recognize that the MDA provided that Husband would "pay Wife periodic alimony," and Husband argues on appeal that the designation used by the parties in the MDA must control. However, we disagree with his assertion that the label used by the parties is conclusive. For example, in **Phillips v. Webster**, 611 S.W.2d 591, 592 (Tenn. Ct. App. 1980), the parties' MDA provided that the husband would pay $100,000 to the wife, in the form of quarterly payments of $2,500, for ten years, "until fully paid." The MDA did not classify the type of alimony obligation, but in a modification agreement executed by the parties, "the alimony payments to the wife were referred to more than once as 'periodic alimony payments.'" *Id.* The husband later sought termination of his alimony obligation on the basis that it was "periodic alimony." The Middle Section of this Court affirmed the chancellor's finding that the alimony was in solido. The Court explained that the parties' use of the term "periodic" in the modification agreement "[did] not change the basic character of the payments to the wife." *Id.* at 593.

Perhaps more analogous to the case at bar is **Oglesby v. Hogan**, No. 89-294-II, 1990 WL 7472, at *1 (Tenn. Ct. App. M.S. Feb. 2, 1990) *perm. app. denied* (Tenn. May 7, 1990), where the parties' MDA provided that the husband would pay $3,750 in "periodic alimony" for twelve months, then $2,000 per month "as periodic alimony" for the next four years, and then for the next thirteen months $1,000 per month "which represents periodic alimony." The MDA did not list any conditions or contingencies for termination of the obligation, and it provided, "It is the specific intent of this instrument and the agreement of the parties that all alimony payments shall extend for more than six (6) years or for a period of seventy-three (73) months to allow the Husband full federal income tax deductions." *Id.* The Court of Appeals held that this was an award of alimony in solido, "[n]otwithstanding that the term 'periodic alimony' [was] used in the Agreement," because the obligation was for a definite amount and it did not terminate "upon any event other than the full payment of $154,000 over a period of seventy-three months."[3] *Id.* at *2.

Courts have used a similar reasoning when a label of "alimony in solido" has been placed on an award that otherwise meets the definition of alimony in futuro. *See* **Dunn v. Duncan**, No. M2004-02216-COA-R3-CV, 2006 WL 1233046, at *3 (Tenn. Ct. App. May 8, 2006) ("The heading of paragraph 6 – 'Alimony in Solido' – is inconsistent with the award of alimony in paragraph 6(C). . . . The spousal support award in paragraph 6(C) is not alimony in solido because it contains contingencies that render the total amount of support

---

[3] "The full amount of the alimony payable, $154,000, [could] be definitely determined by simply multiplying the monthly sum times the designated duration." **Oglesby**, 1990 WL 7472, at *2.

indefinite.");[4] ***Dyer v. Dyer***, No. 01A-01-9105-PB-00172, 1991 WL 270202, at \*3-4 (Tenn. Ct. App. Dec. 20, 1991) (stating that the Court considered a trial court's use of the term "alimony in solido" to have been "an inadvertence" because the award contained contingencies for death or remarriage, and therefore, it "must be considered alimony in futuro").

Based upon these cases, we conclude that the parties' classification of the alimony award is relevant in determining their intent, but it is not absolutely conclusive, as asserted by Husband. The alimony provision at issue in this case contained no contingencies or conditions regarding termination other than providing that it would continue for a period of seven years "for a total of 84 payments." We therefore conclude that the parties' singular reference to "periodic" alimony did not change the basic character of the award from definite to indefinite. *See **Phillips***, 611 S.W.2d at 593; *see also **Oglesby***, 1990 WL 7472, at \*2. Because Husband's alimony obligation was definite and calculable at the time of the award, it was alimony in solido.

We note that Husband also argues on appeal that his alimony obligation cannot be construed as alimony in solido because the parties' marital estate was divided fairly equally, according to Husband, and there was no asset awarded to him that would "balance or offset" an award of roughly $100,000 in alimony in solido to Wife. It is true that awards of alimony in solido are "often" awarded to adjust the division of marital property. ***Burlew***, 40 S.W.3d at 465; *see also **Gonsewski***, 350 S.W.3d at 108 ("A typical purpose of such an award would be to adjust the distribution of the parties' marital property.") Still, alimony in solido is "a form of long-term support," which "may be awarded in lieu of or in addition to any other alimony award, in order to provide support, including attorney fees, where appropriate." ***Gonsewski***, 350 S.W.3d at 108 (citing Tenn. Code Ann. § 36-5-121(d)(5)). Alimony in solido "promotes the twin goals of certainty and finality through an award of a fixed amount without conditions." ***Bryan***, 85 S.W.3d at 145. For example, a definite award of alimony in solido may be appropriate where the obligor has a "history of irresponsibility" or a "life long aversion to gainful employment," or where other factors adversely impact the obligor's reliability to make future payments. *See **Atkins v. Motycka***, No. M2007-02260-COA-R3-CV, 2008 WL 4831314, at \*4 (Tenn. Ct. App. Nov. 6, 2008). It may be appropriate to award

---

[4] In ***Dunn***, 2006 WL 1233046, at \*2, the Court concluded that the alimony provision was ambiguous and therefore the trial court erred in excluding the extrinsic evidence of intention offered by the wife. In another similar case, where the trial court concluded that the label used by the parties did not match the substance of the alimony award, the Court likewise concluded that "an evidentiary hearing [was] required in order to determine the intention of the[] parties, and to arrive at the justice of the case." ***Brown v. Grissom***, No. 03A01-9607-CV-00219, 1997 WL 122243, at \*1-2 (Tenn. Ct. App. Mar. 19, 1997). However, neither party has asked this Court to remand for an evidentiary hearing.

alimony in solido in installments "in cases where the marital estate has been substantially depleted or dissipated and a sufficiently large sum of cash is not available at the time of divorce, but the obligor nevertheless has the ability to make payments over time." *Isbell*, 816 S.W.2d at 738. In the case before us, the sparse record on appeal simply does not contain sufficient evidence regarding the parties' circumstances to enable us to determine why the parties agreed to an alimony provision such as this.[5] Our examination of the entire MDA does *not* lead us to conclude that the parties could not or would not have intended an award of alimony in solido. In other words, considering the MDA as a whole does not alter our conclusion as to the parties' intent.

## V.  CONCLUSION

Husband's alimony obligation was definite and calculable when awarded, with no contingencies, and therefore, it was alimony in solido, which "is considered a final judgment, 'not modifiable, except by agreement of the parties,'" and it does not terminate upon death or remarriage. *Gonsewski*, 350 S.W.3d at 108. Consequently, the trial court erred in granting Husband's motion to terminate his alimony obligation upon Wife's remarriage.

For the aforementioned reasons, we reverse the decision of the circuit court and remand for entry of an order denying Husband's motion to terminate his alimony obligation. Costs of this appeal are taxed to the appellee, William Ronny Averitte, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[5] We can only discern from the divorce complaint that the parties were married in 1985, and they were divorced in 2011. When the complaint for divorce was filed, Wife was unemployed and Husband had worked at an electric company for many years. We cannot tell, from reviewing the MDA, whether the marital estate was in fact divided fairly equally, as not all assets and debts were valued when assigned.