Willard E. ETHRIDGE,
Plaintiff–Respondent,

v.

Patricia A. ETHRIDGE,
Defendant–Appellant.

No. KCD 30438.

Missouri Court of Appeals,
Western District.

Sept. 2, 1980.

John J. Phillips, Independence, for defendant–appellant.

Philip F. Cardarella, Kansas City, for plaintiff–respondent.

Before KENNEDY, P. J., and PRITCH-ARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

Mr. and Mrs. Ethridge were divorced by decree dated March 14, 1974. No property settlement had been entered into by the parties. The decree, entered by the court after a contested hearing, provided maintenance to be paid by Mr. Ethridge to Mrs. Ethridge in the following terms:

It is further ordered and adjudged by the court that the petitioner pay to the respondent as statutory maintenance the sum of $100 per month, the first payment to be due and payable April 1, 1974, and a like sum of $100 to be due and payable on the first day of each succeeding month thereafter for two years or until death of petitioner or respondent or remarriage of respondent, whichever event occurs first, and in default of one or more payments, execution issue therefor.

The two–year period ended in March, 1976.

Afterwards on June 17, 1977, Mrs. Ethridge filed a motion to modify the maintenance provisions of the decree, on the ground that the conditions of the parties had changed substantially since the decree was granted. She alleged that her health had deteriorated so that she could do only light work, that she was unemployed, that her cost of living had increased while her income had decreased, and that Mr. Ethridge was earning substantially more than he was in March, 1974, when the decree was granted. She sought also a change of the decree's provisions with respect to the custody and support of two minor children.

There was an evidentiary hearing on the motion, but the evidence has not been brought to us in the record. The court partially granted and partially denied the motion with respect to the custody and support of the children, but believed that he was without jurisdiction to modify the maintenance provisions of the decree after the expiration of the two–year period pro-vided in the March 1974 decree. He there-fore denied Mrs. Ethridge's motion to modi-fy. Mrs. Ethridge has appealed that judg-ment to this court, confronting us with the problem whether the maintenance provi-sions of the decree are modifiable after the time fixed by the original decree for pay-ment of maintenance has expired. We con-clude that they are not, and we affirm the judgment of the trial court.

The trial court correctly held that it had no power to reinstitute the payment of maintenance after the limited term had ex-pired during which maintenance had been ordered. Whether the term might have been extended had the court acted before the expiration of the maintenance, or had the motion for modification been filed dur-ing that period (as it was in *Laney v. La-ney*, 535 S.W.2d 510 (Mo.App.1976)), are questions we do not need to reach here. *But see Simpson v. Simpson*, 134 Cal.App.2d 219, 285 P.2d 313, 314, 315 (1955).

The decision we have reached is consist-ent with those cases in which our court has held that the court has no power, after giving no maintenance (or under the earlier law, alimony) in the original decree, then to give alimony or maintenance upon later mo-tion to modify, unless jurisdiction to do so has been retained by express order in the original decree. *Givens v. Givens*, 59 S.W.2d 204 (Mo.App.1980); *Bellamy v. Bel-lamy*, 572 S.W.2d 220 (Mo.App.1980); *Car-rell v. Carrell*, 503 S.W.2d 48, 51–52 (Mo. App.1973).[1] If the court does not so retain jurisdiction for that purpose, its power to award maintenance expires. There is no difference in the case where no mainte-nance was given in the original decree, and the case, such as the one now before us, where maintenance was given for a limited term and that term has come to an end.

The result we have reached is implied in § 452.370(1), RSMo 1978, which says that the maintenance provisions in a decree may be modified "only as to installments accru-ing subsequent to the motion for modifica-

---

1. *Carrell* and *Bellamy* were decided under the law as it existed before our Dissolution of Mar-riage Act, but the principles relating to the subject under discussion are unchanged.

tion." The implication is that if there remains no future maintenance obligation under the existing decree, then the obligation to pay maintenance may not be revived.

Under similar statutory provisions to our own, the California courts have held that the court's power to re–institute alimony expires with the term for which it was originally adjudged, absent an express retention of jurisdiction. *In re Marriage of Morrison*, 20 Cal.3d 437, 143 Cal.Rptr. 139, 573 P.2d 41 (banc 1978); *Reichardt v. Reichardt*, 186 Cal.App. 808, 9 Cal.Rptr. 225 (1960); *Simpson v. Simpson, supra*. Appellant has cited us to no cases holding the contrary, nor has our own research disclosed any.

The maintenance provisions of the decree were fully executed and the court had no power under appellant's motion to modify to re–institute the payment of maintenance.

The judgment is affirmed.

All concur.