**Richard Grissim ANDERSON,
Plaintiff–Appellee,**

v.

**Ann Embry ANDERSON,
Defendant–Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

Feb. 8, 1991.

Application for Permission to Appeal
Denied by Supreme Court
May 6, 1991.

A. Thomas Monceret, Knoxville, for defendant-appellant.

James W. Bell, Knoxville, for plaintiff-appellee.

## OPINION

GODDARD, Judge.

Ann Embry Anderson appeals the Trial Court's sustaining her former husband's motion to dismiss her petition seeking an increase in alimony.

The Trial Court's action was predicated upon the following provisions of a prior court decree which he found valid and enforceable:

1. That within thirty days the respondent will pay off the outstanding bills of the petitioner up to the limit of $1,989.00

2. At the time the oldest child reaches eighteen years of age, child support payments in the amount of $250.00 per month will continue until the youngest child reaches eighteen years of age and then all child support shall cease.

3. Alimony in the amount of $250.00 per month will be maintained through out this period; at the time all the children reach eighteen years of age the alimony payments in the amount of $250.00 will continue subject only to the death or marriage of the petitioner, Ann Embry Anderson, or the inability of Richard Grissim Anderson to pay said alimony.

4. In consideration of the agreements contained in the preceding paragraphs wherein the respondent, Richard Grissim Anderson, has made certain concessions, the petitioner, Ann Embry Anderson, covenants not to seek any more increases in the alimony award as it appears in the final order of the original divorce action in this cause and as reiterated in this agreed judgment.

Mrs. Anderson appeals contending that the award of alimony remained within the control of the Trial Court and that she is entitled to an evidentiary hearing as to her petition.

Under T.C.A. 36–5–101(a)(1) [1], it is clear that the ordinary decree for support remains within the control of the Court and is subject to modification. Tennessee case law has also spoken to the subject, and we are of the opinion that *Thomas v. Thomas*, 46 Tenn.App. 572, 330 S.W.2d 583 (1959), which quotes from earlier cases, is controlling. In that case the Court approved the trial court's disregarding a provision of the parties' contract limiting the amount of alimony payments. In doing so it stated the following (46 Tenn.App. at 575, 330 S.W.2d at 585):

We can not agree that the Court erred in disregarding the provision of the contract limiting the amount of the alimony payments to $100 per month from August 18, 1958, to August 18, 1963. More serious is the question of the propriety of the Court's action in continuing the payments beyond 1963 when, under the settlement agreement and the divorce decree, they were to terminate. These questions will be discussed in the order stated.

The first question is ruled by *Osborne v. Osborne*, 29 Tenn.App. 463, 197 S.W.2d 234, 236, where this Court speaking through Judge Burnett, now Mr. Jus-

---

1. *36–5–101. Decree for support of spouse and children—Relevant factors.*—(a)(1) Whether the marriage be dissolved absolutely, or a perpetual or temporary separation be decreed, the court may make an order and decree for the suitable support and maintenance of the complainant by the respondent, or out of his or her property, and of the children, or any of them, by either spouse or out of such spouse's property, according to the nature of the case and the circumstances of the parties, the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown.

tice Burnett, after carefully reviewing authorities from other states, said:

"A divorce action is really a triangular proceeding where in addition to the parties the State through the court is a quasi party. It is for this basic reason that the courts afford the fullest possible hearing in the matter and at all times must guard against collusion, fraud and any unfair practice or undue advantage that one party might take of the other. Adhering to these principles the courts do not take the agreements of the parties as conclusive but merely use them as a basis on which an alimony decree is fixed. When the circumstances of the parties change the court's decree may be changed. Code, section 8446, provides among other things that, 'the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown.' In *Davenport v. Davenport*, 178 Tenn. 517, 160 S.W.2d 406, the court held that the above Code section and section 8454 is incorporated in every divorce decree. The decree in the instant case retains the matter on the docket and open for modification."

This statement is attacked as dictum on the ground that, in that case, the contract under consideration expressly provided for revision of the amount of the award. However this may be, this court, speaking through Presiding Judge Anderson, again considered the question in *Doty v. Doty*, 37 Tenn.App. 120, 260 S.W.2d 411, 413, and relied upon the *Osborne* case as supporting the conclusion there again announced that such contracts are "regarded as no more than the evidence upon which the court will fix the amount" and are not so binding as to preclude the court from subsequent revisions. In the *Doty* case it was said:

" * * * It is true that the decree also recites: 'and the agreement with regard to the payment of $100.00 per month has been accepted by the petitioner (the wife) and is approved by the Court in lieu of any further support or maintenance for the petitioner and said child.'

"But it is beyond the power of the Court to thus deprive itself of the authority conferred by Code Section 8446 to modify the award upon a proper showing." (Citing cases.)

Finally, it is arguable that enforcement of such a provision would be against the public policy of the State because it could in some cases preclude an affluent former husband from supporting his former wife who might become a public charge.

For the foregoing reason the Trial Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged against Mr. Anderson.

FRANKS, J., and WILLIAM H. INMAN, Special Judge, concur.