Lester Raymond AMOS, Jr.,
Plaintiff/Appellant,

v.

Ina Eloise Kelly AMOS,
Defendant/Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Feb. 25, 1994.

Permission to Appeal Denied by
Supreme Court June 13, 1994.

Cathy Grady Conley, Tullahoma, Alec Garland, Manchester, for plaintiff/appellant.

Robert L. Huskey, Manchester, for defendant/appellee.

## OPINION

CANTRELL, Judge.

In March of 1993, the Chancery Court of Coffee County held that a provision in a 1986 divorce decree awarding the wife one-half of the husband's retirement pay as "alimony" was in fact a division of property and could not be modified. We agree that the award was not modifiable, although for a different reason.

### I.

In a 1986 divorce action, the parties executed a property settlement agreement which dealt only with the parties' property involved in a jointly owned farming operation. In her answer to the complaint Mrs. Amos referred to the husband's retirement pay, but the retirement pay was notably absent from the agreement.

After a bench trial, the chancellor awarded Mrs. Amos a divorce, adopted the property settlement agreement, and awarded Mrs. Amos "alimony" in the amount of $300 per month. The pertinent part of the decree follows:

5.  Lester Raymond Amos, Jr., is ordered to pay, as alimony, to Ina Eloise Kelly Amos the sum of $300.00 per month, with the first payment due on the date of the first child support payment and those payments shall continue until the death of either of the parties or until the remarriage of Ina Eloise Kelly Amos, whichever occurs first; however, it is specifically understood that the abatement at the death of Lester Raymond Amos, Jr., should in no way effect [sic] any military benefits due Ina Eloise Kelly Amos as the survivor.

Mrs. Amos moved for a new trial alleging that alimony in the amount of $300 was too

little and that the amount should be set at one-half of the husband's retirement pay. On December 12, 1986, the chancellor ordered a modification in the alimony and child support awards. The pertinent parts of the order are:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that beginning December 1 and thereafter, the plaintiff and cross-defendant shall pay directly to the defendant and cross-plaintiff, Ina Eloise Kelly Amos, one half of his net military retirement pay, which is currently $402.02, and that this payment be increased as the net military retirement pay is increased wherein the defendant and cross-plaintiff shall receive exactly one-half of the amount actually received by the plaintiff and cross-defendant, and. . . .

In subsequent proceedings, not necessary to detail here, the nature of the wife's interest in the retirement pay became an issue. The husband maintained that as alimony her interests in the retirement pay could be modified or discontinued by the trial judge upon a showing of a change of circumstances. Mrs. Amos takes the position that the alimony award was in reality a division of property and therefore not subject to modification. A new chancellor interpreted the prior decree consistent with Mrs. Amos' position.

## II.

### a.

■ We think the limitations placed on the award to Mrs. Amos are inconsistent with a finding that the award was an interest in property. An interest in property would not ordinarily terminate at the death of one of the parties, or upon Mrs. Amos' remarriage, as the chancellor specifically ordered in this case. Therefore, we hold that the award was not an interest in property but, for the following reasons, find that it was nonetheless non-modifiable.

### b.

■ In an earlier dispensation the award of part of the retirement pay to Mrs. Amos

as alimony "until her death" would clearly have been alimony in futuro or periodic alimony. Alimony in solido or alimony in gross was an award of a definite amount (as the term suggests), whether paid in a lump sum or in periodic payments over a definite period of time. See Spalding v. Spalding, 597 S.W.2d 739 (Tenn.App.1980). The critical difference between the two was the trial court's power to modify alimony in futuro when circumstances changed. Id.

Times also change, however, and so do the statutes governing the law of domestic relations. The law governing the award of alimony was given a general overhaul by the legislature in the mid–1980's. Now in a chapter of the code entitled "Alimony and Child Support", the substantive provisions refer almost exclusively to "support and maintenance" rather than alimony, Tenn. Code Ann. § 36–5–101, and establish a preference for rehabilitative, temporary support and maintenance rather than long-term support and maintenance. Tenn.Code Ann. § 36–5–101(d).

In interpreting the current law, our Supreme Court has said that an award of a definite amount over a set period of time is still alimony in solido and not modifiable, Isbell v. Isbell, 816 S.W.2d 735 (Tenn.1991), but an award of monthly payments "until the death of" one of the parties is not necessarily so indefinite as to make it modifiable. It depends on "the initial finding by the trial court regarding the relative economic conditions of the parties and the feasibility of rehabilitation of the disadvantaged spouse . . . [T]he circumstances of the parties as found by the trial court, particularly the potential for rehabilitation of one who is economically disadvantaged, rather than the particulars of the award, determine if the award is subject to modification." Self v. Self, 861 S.W.2d 360, 361 (Tenn.1993). See also Towner v. Towner, 858 S.W.2d 888 (Tenn.1993).

In 1986, the chancellor did not make detailed findings about the relative economic conditions of the parties, but we find from the wording of the initial award—amplified by the record from this proceeding—that the chancellor intended for the award to last

until the death of one of the parties or Mrs. Amos' remarriage.

The record shows that Mrs. Amos never worked during the 25 years of marriage, that she had few marketable skills, and that, while she contemplated going to work, she expected to enter the job market at a minimum wage level. Although it is not clear that these facts were ever presented to the chancellor in 1986, his orders read as if they were based on a conclusion that rehabilitation was unlikely for Mrs. Amos and that she needed periodic support on a long-term basis. From that premise it is logical to conclude that the award would not be subject to modification except on the happening of one of the three events mentioned in the order itself. We, therefore, find that the order is not modifiable upon a showing of a change of circumstances alone.

For the reasons set forth herein, we affirm the chancellor's decree refusing to modify the previous alimony award, and we remand the case to the Chancery Court of Coffee County for the collection of the costs in the court below and for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.