IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

FILED

September 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

Filed:    September 6, 1999

| | | |
|---|---|---|
| VIRGINIA GRAF WADDEY, | ) | |
| | ) | |
| PETITIONER/APPELLANT, | ) | DAVIDSON CIRCUIT |
| | ) | |
| v. | ) | Hon. Robert E. Corlew, III, Judge |
| | ) | |
| IRA CLINTON WADDEY, JR., | ) | No. 01S01-9811-CV-00198 |
| | ) | |
| RESPONDENT/APPELLEE. | ) | |

FOR APPELLANT:

CLINTON L. KELLY
Hendersonville

FOR APPELLEE:

ALBERT F. MOORE
Nashville

# O P I N I O N

COURT OF APPEALS AFFIRMED AS MODIFIED          HOLDER, J.

**OPINION**

We granted this appeal to determine whether a party receiving periodic alimony may obtain a modification or extension of alimony when: 1) a termination date was agreed to by the parties in their property settlement agreement; and 2) the petition to modify was filed after the termination date but prior to the expiration of thirty days. We hold that the alimony was not modifiable after one of the contingencies listed in the property settlement agreement occurred. We affirm the Court of Appeals, but we base our decision upon other grounds.

**BACKGROUND**

The parties, Virginia Graf Waddey and Ira Clinton Waddey, Jr., were granted a divorce on September 2, 1982, in Davidson County circuit court. The divorce decree ratified and incorporated in full the parties' Child Custody and Property Settlement Agreement. The property settlement agreement provided as follows:

> Mr. Waddey agrees to pay to Mrs. Waddey as periodic alimony in futuro the sum of One Thousand ($1,000) Dollars per month with the first of said payments being made on or before September 10, 1982, and subsequent payments at monthly intervals thereafter until the death of Mrs. Waddey, the remarriage of Mrs. Waddey, or March 1, 1996, whichever event shall first occur.

The agreement also provided:

> Further, each of these parties reserve [sic] the right to petition the Court for proper modification of provisions remaining within the jurisdiction of the Court upon a change of circumstance.

2

On March 29, 1996, subsequent to the date of termination listed in the property settlement agreement, Mrs. Waddey filed her petition to modify. The petition requested that Mr. Waddey be required to continue his monthly alimony obligation in the amount of $1,000 for the remainder of Mrs. Waddey's life or until she remarries. Mrs. Waddey alleged in her petition that modification was warranted because she was diagnosed with breast cancer in July 1995, that she had undergone surgery and chemotherapy, and that her ability to work and earn a living had been diminished as a result of her condition.

The trial court found that Mrs. Waddey's petition for modification was not timely filed. In its opinion, the court noted that spousal support would terminate upon the occurrence of any of three contingencies listed in the divorce decree. One of those contingencies, the termination date of March 1, 1996, had passed before the petition was filed. As the trial court explained:

> with regard to a stated date, . . . there can be no argument that the occurrence of the event arose suddenly, or was not anticipated. Specifically with regard to an order providing for spousal support, it appears to the Court that when the terms of that support order have been met, and that under the term of the order a contingency has arisen which terminates support, that order is not subject to further modification after the occurrence of that event or contingency.

In affirming the trial court, the Court of Appeals found that the "unique wording of the property settlement agreement and divorce decree [created] a unique status of lump sum alimony [or alimony in solido] . . . ." The court explained that the alimony was considered "periodic and changeable" or in futuro while support payments were being made. After the date of the last scheduled payment, however, the alimony became lump sum alimony or alimony in solido and at that point became non-modifiable.

3

**ANALYSIS**

Converting Alimony in Futuro to Alimony in Solido

We shall first address whether the occurrence of a contingency in an award of alimony in futuro converts the in futuro award to an award of alimony in solido.[1] Mr. Waddey argues that he was originally ordered to pay alimony in futuro and that the Court of Appeals erred in converting an award of alimony in futuro to an award of alimony in solido. We agree.

Whether alimony is in futuro or in solido is determined by either the definiteness or indefiniteness of the sum of alimony ordered to be paid at the time of the award. McKee v. McKee, 655 S.W.2d 164, 165 (Tenn. App. 1983). Alimony in solido is an award of a definite sum of alimony. Spalding v. Spalding, 597 S.W.2d 739, 741 (Tenn. App. 1980). Alimony in solido may be paid in installments provided the payments are ordered over a definite period of time and the sum of the alimony to be paid is ascertainable when awarded. Id. Alimony in futuro, however, lacks sum-certainty due to contingencies affecting the total amount of alimony to be paid. McKee, 655 S.W.2d at 165-66 (holding alimony was in futuro where husband was ordered to pay the mortgage note until either the son turned twenty-two or the house was sold). It is therefore clear that the duration of an award of alimony in futuro may be affected by contingencies agreed upon by the parties or imposed by courts.

---

[1] At the time of the Waddeys' divorce in 1982, only two types of alimony were recognized, alimony in futuro and alimony in solido. Rehabilitative alimony was not introduced by the legislature until the following year in 1983. See 1983 Tenn. Pub. Acts ch. 414, § 1; Tenn. Code Ann. § 36-820(d) (Supp. 1983); Amos v. Amos, 879 S.W.2d 856, 857 (Tenn. App. 1994) (noting "general overhaul" for the award of alimony in the mid-1980s and establishing a preference for temporary rehabilitative support and maintenance rather than long-term support).

Because the introduction of rehabilitative alimony in 1983 was a substantive change in divorce law, that provision is not applicable to divorces prior to the passage of the act. Dodd v. Dodd, 737 S.W.2d 286, 288 (Tenn. App. 1987); Hays v. Hays, 709 S.W.2d 625, 627 (Tenn. App. 1986).

The continued payment of alimony in the case now before us was subject to three contingencies: remarriage, death, or the passage of March 1, 1996. These contingencies affected the duration of the alimony. Accordingly, the sum of the alimony payable to Mrs. Waddey was not determinable when the alimony was awarded. The mere happening of a contingency does not convert an award of alimony in futuro to an award of alimony in solido. The award of alimony in solido must be ascertainable when ordered, not years later when a contingency terminates the award. The Court of Appeals, therefore, erred in holding that the occurrence of a contingency converted an award of alimony in futuro to an award of alimony in solido.

### Modification of the Award

Awards of alimony in futuro are subject to modification. Tenn. Code Ann. § 36-820 (Supp. 1982) (the forerunner to Tenn. Code Ann. § 36-5-101); Spalding v. Spalding, 597 S.W.2d 739, 741 (Tenn. App. 1980). The statute in effect when the property settlement agreement was executed between the parties in this case provided that the trial court may order alimony "according to the nature of the case and the circumstances of the parties." Tenn. Code Ann. § 36-820(a) (Supp. 1982). This Court has previously recognized that Tenn. Code Ann. § 36-820 was codified "to give the trial court elasticity of action necessary to meet the equities of the case." Rogers v. Rogers, 795 S.W.2d 667, 668 (Tenn. 1990). This elasticity has allowed trial courts to approve or order that alimony would terminate on the death or remarriage of the recipient or on the death or remarriage of the obligor.[2] See Ligon v. Ligon, 556 S.W.2d 763, 767 (Tenn. App. 1977) (appellate court imposed terminating contingencies based

---

[2]In 1984 the statute was amended to provide specifically that the long-term support would terminate upon the death or remarriage of the recipient. 1984 Tenn. Pub. Acts ch. 818, §§ 1-3; Tenn. Code Ann. § 36-5-101(d) (Supp. 1994).

5

upon remarriage and continued minority of parties' children); see generally Connors v. Connors, 594 S.W.2d 672, 673 (Tenn. 1980) (terminating contingencies were included in property settlement agreement); Bray v. Bray, 631 S.W.2d 136, 138 (Tenn. App. 1981) (recognizing that courts have authority to order termination of alimony upon remarriage of wife). The same elasticity permits the inclusion of a specific termination date in a property settlement agreement.

The issue now before us is whether a trial court may modify an alimony in futuro obligation which, by the terms of the parties' agreement, has already terminated. The appellant argues that a trial court has the continuing statutory authority to modify alimony in futuro obligations. Her argument is premised primarily upon the decisions in Thomas v. Thomas, 330 S.W.2d 583 (Tenn. App. 1959), and Anderson v. Anderson, 810 S.W.2d 153 (Tenn. App. 1991). Her reliance, however, on both Thomas and Anderson is misplaced.

In Thomas, the parties had entered a property settlement agreement that required Mr. Thomas to pay support until August 18, 1963. Mrs. Thomas filed a petition requesting that the trial court extend the alimony beyond the August 18, 1963 termination date. Mrs. Thomas' petition, however, was filed approximately five years prior to the August 18, 1963 termination date. The trial court granted Mrs. Thomas' request. The Court of Appeals held that the trial court retained control of the support agreement but that the decision to extend the support period five years prior to its termination was premature since Mrs. Thomas' situation might change. 330 S.W.2d at 586. Anderson involved a wife's petition to increase alimony after a divorce decree indicated she would not seek any increases. 810 S.W.2d at 154.

6

The appellant argues that both Thomas and Anderson support the proposition that a trial court has the continuing authority to modify a support agreement after the date of termination set forth in the agreement. In both cases, however, the petitioners attempted to modify the support obligations while obligations were in force or "ongoing." In the case now before us, the support obligation had already terminated by agreement. Moreover, the court in Thomas specifically reserved the issue of whether alimony "can or should be continued" after the termination date listed in the agreement, stating that the issue "is reserved and we are not to be understood as expressing any opinion on that question." 330 S.W.2d at 586.

While this issue is one of first impression in Tennessee, one state has addressed this issue directly. In Ethridge v. Ethridge, 604 S.W.2d 789 (Mo. App. 1980), the court held that the authority to modify an award of alimony coincides with the existence of the support. As in this case, Ethridge involved an award of spousal support that terminated upon the occurrence of a contingency. After the contingency occurred, Ms. Ethridge petitioned the court to modify the award of support. The intermediate appellate court held, "The maintenance provisions of the decree were fully executed and the court had no power under appellant's motion to modify to re-institute the payment of maintenance." Id. at 791.

Other jurisdictions have considered the issue of the courts' power to modify a support award in the context of an award for a fixed term established at the time of the decree. In those cases where a definite period of support is established at the outset, courts have reached the conclusion that once the term for the support has expired, courts lose power to modify that award.[3] Mercer v.

---

[3]This is consistent with the power to modify an award of rehabilitative alimony under Tenn. Code Ann. § 36-5-101(d)(2) (1996). The power to modify remains in the court's control for the duration of the award.

Mercer, 641 P.2d 1003, 1005 (Idaho 1982) ("A trial court . . . is without power to modify an alimony award beyond the duration of the time fixed by the original decree for payment of alimony provided that those payments have been made and there has been no appeal from the final decree which declared the obligations and fixed its limited duration."); Eckert v. Eckert, 216 N.W.2d 837 (Minn. 1974) (When a trial court terminates the obligation to pay alimony it is without power to reinstate alimony unless that authority is reserved.); Welke v. Welke, 288 N.W.2d 41, 42 (Neb. 1980) (Since the entire amount of alimony had accrued prior to the petition for modification, the original decree could not be modified.); Park v. Park, 602 P.2d 1123, 1124 (Or. Ct. App. 1979) ("[T]he support requirements may be modified so long as the duty to support exists but not thereafter."); Brown v. Brown, 507 P.2d 157, 158 (Wash. Ct. App. 1973) ("A provision of alimony does not give one a perpetual lien on the future earnings of a former spouse."); Harshfield v. Harshfield, 842 P.2d 535, 539 (Wyo. 1992) (A trial court may not modify a fixed term award of alimony after full payment unless the divorce decree specifies so; otherwise, "the finality of divorce would be illusory.").

In reaching this conclusion courts reasoned that if an original decree provided for no support, support could not be added at a later time. See Ethridge, 604 S.W.2d at 790; see also Mercer, 641 P.2d at 1004; Eckert 216 N.W.2d at 840; Park, 602 P.2d at 1124. As the court explained in Eckert:

> The rationale for [that] rule . . . is that there can be no modification of something that never existed, and the basis for the rule herein announced is similarly that there cannot be modification of something that has ceased to exist.

Eckert, 216 N.W.2d at 840. We find this reasoning persuasive. We hold that a trial court's ability to modify an award of alimony in futuro terminates upon the occurrence of a contingency when the award ceases to exist.

8

In the case now before us, Mrs. Waddey was awarded alimony in futuro. Both parties agreed to the structure of the alimony award, including the contingencies limiting the award. Several years later, a contingency set forth in the original decree occurred and terminated the alimony. The trial court's ability to modify Ms. Waddey's award terminated on the date that the contingency occurred in this case. Accordingly, we hold that the trial court was without authority to modify the award after the occurrence of the contingency.

Lastly, Mrs. Waddey argues that she had thirty days following the termination of support within which to seek a modification of the alimony award. Although she does not cite a specific rule in support of her position, she refers to rules that relate to the staying and appealing of final judgments. The occurrence of the contingency terminating support in this case was not a "final judgment" subject to the provisions of Tenn. R. Civ. P. 62.01 and Tenn. R. App. P. 3(a) and (4). The time to perfect an appeal from the original decree ordering alimony in futuro had expired, and neither party chose to appeal the decree. The appellant's contention is devoid of merit.

**CONCLUSION**

We hold that the occurrence of a contingency terminating support did not convert the award of alimony in futuro to an award of alimony in solido and that the trial court was without authority to modify the award after the occurrence of the contingency. The decision of the Court of Appeals affirming the trial court is affirmed as modified. The costs of this appeal shall be taxed against the appellant for which execution shall issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Drowota, Birch, and Barker, J.J.