IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 9, 2014 Session

## JUDY SMITH STEWART v. JOHNNIE STEWART

**Appeal from the Circuit Court for Sevier County**
**No. 97-1441-II     Richard R. Vance, Judge**

_____

**No. E2013-02548-COA-R3-CV-FILED-SEPTEMBER 9, 2014**

_____

This is the second appeal in this matter involving applicability of the parties' agreement, embodied in their 1997 final decree of divorce, regarding issues related to the dissolution of their marriage. In May 2012, the husband sought to terminate his alimony obligation pursuant to said agreement, citing a material change of circumstances affecting his ability to pay. The trial court dismissed the husband's motion, concluding that the language of the parties' agreement rendered his alimony obligation non-modifiable. Husband timely appealed. Because we determine the husband's alimony obligation to be modifiable, we reverse the trial court's dismissal of the husband's motion and remand this action to the trial court for a hearing to determine whether a modification of the husband's alimony obligation is warranted. We vacate the trial court's taxing of court costs to Husband, and we deny Husband's request for an award of attorney's fees on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and W. NEAL MCBRAYER, J., joined.

Cynthia Richardson Wyrick and Anna C. Penland, Sevierville, Tennessee, for the appellant, Johnnie Stewart.

Rebecca D. Slone, Dandridge, Tennessee, for the appellee, Judy Smith Stewart.

## OPINION

### I. Factual and Procedural Background

Judy Smith Stewart ("Wife") and Johnnie Stewart ("Husband") were married in 1972 and divorced in 1997. Eight children were born of the marriage, four of whom were still minors at the time of the divorce. When they divorced, the parties reached an agreement regarding all issues, including custody of the children, child support, division of assets and debts, and alimony. Wife's attorney drafted Husband's *pro se* answer as well as the parties' final decree containing the terms of their agreement, both of which Husband signed without the benefit of counsel. The complaint for divorce, *pro se* answer, and final decree were filed in the Sevier County Circuit Court on the same day as the divorce hearing, with the parties stipulating that grounds for divorce existed. Husband appeared at the hearing and acknowledged his understanding of and acquiescence to the parties' agreement.

Relevant to the issues presented on appeal, the parties' final decree contains the following provision:

> The wife shall receive custody of the parties' four minor children and the husband shall receive liberal visitation subject to his and the children's schedules. The husband shall pay support equal to 46% of his net income, including any and all bonuses, pursuant to the Tennessee Child Support Guidelines. Said amount is equal to $3,114.00 per month. Said amount shall never be decreased as any child reaches the age of majority as the amount for which the husband would be entitled a decrease shall be deemed spousal support. It is the intent of the parties and is so ordered by the Court that even after the last minor child reaches the age of majority, the husband shall continue to pay the above referenced amount as spousal support until the wife remarries or dies.

Shortly after entry of the final decree, Husband consulted with an attorney and filed a motion seeking to set the final decree aside. The trial court denied the motion, finding, *inter alia*, that (1) marital dissolution agreements are favored by the courts, (2) the terms of the agreement were not unfair, (3) Husband had the opportunity to consult with an attorney but chose not to do so, (4) Husband was educated, and (5) he entered into the agreement freely. Husband appealed the trial court's ruling to this Court.

This Court affirmed the trial court's denial of Husband's motion seeking to set aside the final decree. *See Stewart v. Stewart*, No. 03A01-9806-CV-00180, 1999 WL 134873 (Tenn. Ct. App. Mar. 10, 1999). In that decision, this Court quoted at length from the trial

court's findings and concluded that those findings were correct based upon its own review of the record. This Court also noted:

> Before concluding, we observe that awards of child support to the four minor children of the parties–which will be converted to alimony as each reaches his or her majority–and of alimony are never final but may be modified from time to time as warranted by changing circumstances.

*Id.* at *2. The matter was then remanded to the trial court.

Husband paid the agreed and ordered amount of child support and alimony for many years, continuing such payments after the parties' youngest child reached the age of majority in 2006. In May 2012, Husband filed a motion seeking to terminate the alimony obligation, citing a substantial and material change of circumstances. In support, Husband alleged that his health had declined significantly, his income was reduced, and he was approaching retirement. Husband asserted that he would no longer be able to pay the agreed amount of alimony. He also claimed that Wife no longer needed spousal support.

Following a hearing wherein the trial court considered oral arguments from counsel, the court denied Husband's motion, concluding that the parties' agreement "clearly set out that [the alimony] would be alimony in futuro that would not be modified, would not be decreased for any reason until the wife died or remarried, neither of which events have occurred." Husband filed a motion requesting that the court reconsider its ruling. The court denied that motion as well, stating that the parties were bound by their contract. Husband timely appealed.

## II. Issues Presented

Husband presents the following issues for review, which we have restated slightly:

1. Whether the trial court erred in ruling that Husband's alimony obligation was non-modifiable.

2. Whether the opinion rendered by this Court in connection with the first appeal of this matter establishes that Husband's alimony obligation is modifiable based on *res judicata*.

3. Whether the trial court should have taxed court costs to Wife.

4. Whether Wife should pay costs as well as Husband's attorney's fees incurred on appeal.

## III. Standard of Review

The standard of review is *de novo* with a presumption of correctness as to the trial court's findings of fact unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *McCarty v. McCarty*, 863 S.W.2d 716, 719 (Tenn. Ct. App. 1992). No presumption of correctness attaches to the trial court's legal conclusions. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

An agreement reached regarding issues pertaining to the dissolution of a marriage is a binding contract between the parties, and its interpretation is "subject to the rules governing construction of contracts." *See Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006). The "cardinal rule" of contract interpretation is to ascertain the intent of the parties and effectuate same, consistent with legal principles. *See Frizzell Constr. Co. v. Gatlinburg, LLC*, 9 S.W.3d 79, 85 (Tenn. 1999). When the language of the agreement is plain and unambiguous, courts determine the intent of the parties from the four corners of the document and enforce it as written. *See Int'l Flight Ctr. v. City of Murfreesboro*, 45 S.W.3d 565, 570 (Tenn. Ct. App. 2000). If the agreement's provisions are "susceptible to more than one reasonable interpretation," however, this renders the terms of the contract ambiguous. *See Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 890 (Tenn. 2002). "Where the terms of the contract are ambiguous, the intention of the parties cannot be determined by a literal interpretation of the language, and the courts must resort to other rules of construction." *Id.* "[W]hen a contractual provision is ambiguous, a court is permitted to use parol evidence, including the contracting parties' conduct and statements regarding the disputed provision, to guide the court in construing and enforcing the contract." *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 612 (Tenn. 2006).

## IV. Modification of Alimony

### A. Alimony *in Futuro*

Husband contends that the trial court erred in refusing to modify or terminate his alimony obligation based on his and Wife's changed circumstances. Husband posits that, pursuant to both statutory and case law, alimony *in futuro* is modifiable. We agree.

Tennessee Code Annotated § 36-5-121 (2014) provides in pertinent part:

(a) In any action for divorce, legal separation or separate maintenance, the

court may award alimony to be paid by one spouse to or for the benefit of the other, or out of either spouse's property, according to the nature of the case and the circumstances of the parties. The court may fix some definite amount or amounts to be paid in monthly, semimonthly or weekly installments, or otherwise, as the circumstances may warrant. Such award, if not paid, may be enforced by any appropriate process of the court having jurisdiction including levy of execution. Further, the order or decree shall remain in the court's jurisdiction and control, and, upon application of either party, the court may award an increase or decrease or other modification of the award based upon a showing of a substantial and material change of circumstances; **provided, that the award is subject to modification by the court based on the type of alimony awarded, the terms of the court's decree or the terms of the parties' agreement.**

. . .

(f)(1) Alimony in futuro, also known as periodic alimony, is a payment of support and maintenance on a long term basis or until death or remarriage of the recipient. Such alimony may be awarded when the court finds that there is relative economic disadvantage and that rehabilitation is not feasible, meaning that the disadvantaged spouse is unable to achieve, with reasonable effort, an earning capacity that will permit the spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

(2)(A) **An award of alimony in futuro shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances.**

. . .

(3) An award for alimony in futuro shall terminate automatically and unconditionally upon the death or remarriage of the recipient. The recipient shall notify the obligor immediately upon the recipient's remarriage. Failure of the recipient to timely give notice of the remarriage shall allow the obligor to recover all amounts paid as alimony in futuro to the recipient after the

recipient's marriage. Alimony in futuro shall also terminate upon the death of the payor, unless otherwise specifically stated.

(Emphasis added.)

Tennessee appellate courts have been asked to interpret alimony provisions contained in marital dissolution agreements in numerous cases, often concerning the particular question of whether the alimony awarded is modifiable. *See, e.g., Waddey v. Waddey*, 6 S.W.3d 230 (Tenn. 1999); *Phillips v. Webster*, 611 S.W.2d 591 (Tenn. Ct. App. 1980). In *Phillips*, this Court explained that "the outcome depends on whether the original award is in solido or a lump sum contrasted with in futuro or periodic." *Phillips*, 611 S.W.2d at 591. This Court further explained:

"Alimony in gross, or 'lump sum alimony,' is fundamentally the award of a definite sum of money; and if the sum is payable in installments, the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the husband or the remarriage of the wife. Gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect. The fact that the award is payable in installments is not determinative of the question whether it is gross alimony or periodic alimony."

*Phillips*, 611 S.W.2d at 591-591 (quoting 24 AM.JUR.2D *Divorce and Separation* § 614).

"Alimony *in futuro*, however, lacks sum-certainty due to contingencies affecting the total amount of alimony to be paid. It is therefore clear that the duration of an award of alimony *in futuro* may be affected by contingencies agreed upon by the parties or imposed by courts." *Waddey*, 6 S.W.3d at 232. Common contingencies affecting the duration of an award of alimony *in futuro* are the death or remarriage of the obligee spouse. *See* Tenn. Code Ann. § 36-5-121(f)(3).

The alimony awarded in the case at bar lacked sum-certainty as it was subject to contingencies affecting the total amount of spousal support to be paid. As such, it was clearly an award of alimony *in futuro*, as Wife concedes. Awards of alimony *in futuro* are generally subject to modification by the courts, whereas awards of alimony *in solido* are not. *See* Tenn. Code Ann. § 36-5-121(f)(2)(A), (h)(2); *Waddey*, 6 S.W.3d at 233; *Phillips*, 611 S.W.2d at 591.

B. Language of the Parties' Agreement

Wife argues, and the trial court determined, that the parties in this case "contracted out" of any modification of the alimony award by reason of the following language incorporated into the final decree:

> The husband shall pay support equal to 46% of his net income, including any and all bonuses, pursuant to the Tennessee Child Support Guidelines. Said amount is equal to $3,114.00 per month. Said amount shall never be decreased as any child reaches the age of majority as the amount for which the husband would be entitled a decrease shall be deemed spousal support. It is the intent of the parties and is so ordered by the Court that even after the last minor child reaches the age of majority, the husband shall continue to pay the above-referenced amount as spousal support until the wife remarries or dies.

Assuming, *arguendo*, that the parties could by contract render alimony *in futuro* non-modifiable, the agreement *sub judice* only provides that child support shall not decrease by virtue of a child reaching the age of majority. The language does not foreclose a modification of spousal support based on other grounds. The agreement does provide that the spousal support obligation continue until Wife's death or remarriage. However, as previously explained, death and remarriage are common contingencies affecting the duration of an award of alimony *in futuro*. *See* Tenn. Code Ann. § 36-5-121(f)(3); *Waddey*, 6 S.W.3d at 232. The language utilized, which expresses that Husband's obligation continue until Wife's death or remarriage, is customary in awards of alimony *in futuro* and does not, *ipso facto*, render the alimony award non-modifiable. *See, e.g.*, Tenn. Code Ann. § 36-5-121(f)(2)(A), (3); *Waddey*, 6 S.W.3d at 232.

The agreement simply and unambiguously provides that Husband's child support obligation would not decrease as any child attained the age of majority. As a result, Husband would continue to pay the amount he had previously paid as "spousal support until the wife remarries or dies." We conclude that the language of the provision *sub judice* is not susceptible to more than one reasonable interpretation. The agreement clearly provides that Husband will pay alimony *in futuro* upon the termination of his child support obligation but fails to address the modifiability of that alimony obligation.

As stated above, Tennessee Code Annotated § 36-5-121(a) provides in pertinent part:

> the [alimony] order or decree shall remain in the court's jurisdiction and control, and, upon application of either party, the court may award an increase or decrease or other modification of the award based upon a showing of a

substantial and material change of circumstances; **provided, that the award is subject to modification by the court based on the type of alimony awarded, the terms of the court's decree or the terms of the parties' agreement.**

(Emphasis added.) *See also Miller v. McFarland*, No. M2013-00381-COA-R3-CV, 2014 WL 2194382 at *6 (Tenn. Ct. App. May 23, 2014) (holding that although the parties failed to include modification terms in their agreement, that failure did not prevent this Court from concluding that the alimony at issue was subject to modification pursuant to the terms of the alimony statute and the type of alimony awarded); *Finchum v. Finchum*, No. M2012-00975-COA-R3-CV, 2013 WL 593275 at *4 (Tenn. Ct. App. Feb. 13, 2013) (same holding).

In this case, neither the terms of the court's final decree nor the provisions of the parties' agreement specifically address whether the alimony award at issue is subject to modification. Our statutory scheme regarding alimony, however, provides that alimony *in futuro* is modifiable "upon a showing of a substantial and material change of circumstances." *See* Tenn. Code Ann. § 36-5-121(f)(2)(A). Therefore, pursuant to Tennessee Code Annotated § 36-5-121(a), the court may modify the alimony award because the type of alimony awarded is modifiable. We conclude that the trial court erred by dismissing Husband's motion for a modification of his alimony *in futuro* obligation. We remand this action to the trial court for a hearing to determine whether such modification is warranted based upon a showing of a substantial and material change of circumstances.

## V. *Res Judicata*

Husband also asserts that this Court's opinion regarding the first appeal of this action renders his alimony obligation modifiable under the doctrine of *res judicata*. Having previously determined that Husband's alimony obligation is modifiable, this issue is pretermitted as moot.

## VI. Costs and Fees

Husband asserts that Wife should be ordered to pay costs both at the trial court level and on appeal, as well as his attorney's fees incurred in this appeal, because the law is clear that he should prevail. Wife disagrees that the law is clear that Husband should prevail and further contends that ordering her to pay costs and fees is inappropriate when Husband has the ability to pay same.

Regarding costs, as this Court elucidated in *LeBrun v. Elmore*, No. E1999-01523-COA-R3-CV, 2000 WL 224628 at *6 (Tenn. Ct. App. Feb. 28, 2000):

[O]n appeal Plaintiff must show extraordinary circumstances to overcome the presumption in favor of the discretionary purview of the Trial Court in taxing the costs of the Trial Court. "Tenn. Code Ann. § 20-12-119 and Tenn. R. Civ. P. 54.04 give trial courts the authority to tax the costs incurred in the trial court. These determinations are within the trial court's discretion, and they will be reviewed on appeal only under very extraordinary circumstances." *Rogers v. Russell*, 733 S.W.2d 79, 88 (Tenn. Ct. App. 1986).

Having concluded that the trial court's dismissal of Husband's motion should be reversed, we also determine that the trial court's decision regarding the taxing of costs should be vacated. Upon remand, the trial court shall reconsider the issue of taxing the costs in light of the disposition of this appeal.

Regarding an award of attorney's fees on appeal, as this Court has previously explained:

Our supreme court has defined the factors that should be applied when considering a request for attorney's fees incurred on appeal. These factors include the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered.

*Dulin v. Dulin*, No. W2001-02969-COA-R3-CV, 2003 WL 22071454 at *15 (Tenn. Ct. App. Sept. 3, 2003) (citing *Folk v. Folk*, 357 S.W.2d 828, 829 (Tenn. 1962)). Having considered the applicable factors, we conclude that this is not an appropriate case for an award of attorney's fees on appeal.

## VII. Conclusion

The trial court's order dismissing Husband's motion to terminate alimony is reversed. The case is remanded to the trial court for a determination of whether a modification of Husband's alimony obligation is warranted based upon a showing of a substantial and material change of circumstances. The trial court's taxing of costs below is vacated, and we deny Husband's request for an award of attorney's fees on appeal. Costs on appeal are assessed equally between the parties.

_____
THOMAS R. FRIERSON, II, JUDGE