

# NUMBER 13-24-00503-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF J.B.S. AND R.G.S., CHILDREN

## ON APPEAL FROM THE 135TH DISTRICT COURT
## OF DEWITT COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina, and Justices West and Cron
### Memorandum Opinion by Justice Cron

Pro se appellant H.M. (Mother) attempts to appeal the trial court's order denying her motion for enforcement against appellee J.S. (Father).[1] By what we construe as three issues, Mother argues that: (1) the trial court reversibly erred by refusing to admit and consider documentary evidence essential to proving her claim, thereby, infringing upon

---

[1] We identify the parties by their initials or fictitious names. *See generally* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

her right to a fair hearing, as defined in the due process principles established in the United States Constitution and the Texas Constitution; (2) the trial court erred in failing to apply § 25.03 of the Texas Penal Code that materially affected the outcome of the proceedings; *see* TEX. PENAL CODE § 25.03 (interference with child custody); and (3) the outcome of the proceedings were materially affected by the trial court's failure to ensure its court orders were followed.

However, as explained below, we do not reach Mother's issues because we lack jurisdiction over this appeal.

## I.  BACKGROUND

## A.  Trial Court Proceedings

On April 3, 2023, Mother filed a petition to modify the parent-child relationship requesting modification of a prior order "signed on February 13, 2017" (First Order).[2] Agreed temporary orders were signed on August 3, 2023 (Second Order). On January 2, 2024, both Mother and Father appeared and testified that the agreement read into the record was the agreement they wished the trial court to enter. Thereafter, the trial court signed a final order in suit to modify the parent child relationship, which reflects that it was "[r]endered on January 2, 2024, but SIGNED on March 6, 2024" (Third Order).

About a month later, on April 19, 2024, Mother filed a "Motion for Enforcement of CAUSE NO. 14-08-23,135." In it, she alleged that Father "disobeyed" three separate court orders (i.e., the First Order, the Second Order, and Third Order) and did so as described

---

[2] We observe an "ORDER IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP" reflecting that the order was "judicially PRONOUNCED AND RENDERED . . . on February 13, 2017[,] and further noted on the court's docket sheet on the same date, but signed on [March 30, 2017]." Additionally, we observe that another child is listed in this March 30, 2017 order, but that child is not a party to this appeal.

2

"on the dates, times, and places, and in the manners" described in her attached exhibits. Below are the orders Mother alleges Father violated alongside the exhibits[3] she attached in support of her motion.

| Order(s) | Exhibit(s) Purporting to Show Violation(s)[4] |
|---|---|
| First Order—"ordered [Father] to make the children available to [her]" | B–Call History Report<br>C–Email Correspondence<br>D–Visitation Journal |
| Second Order—"ordered [Father] to make the children available to speak with [her]" | F–Call Journal<br>G–Phone Records |
| Second Order—"ordered [Father] to not make disparaging remarks" | M–January 2, 2024 Hearing<br>N–Journal Entry |
| Third Order—"ordered [Father] to make the children available to [her]" | R–Our Family Wizard Correspondence<br>S–Our Family Wizard Summer Schedule Correspondence |
| Second Order and Third Order—"ordered [Father] to provide a safe, stable, and nonviolent environment" | I–Incident Detail Report<br>J–Offense/Incident Report Cover Sheet<br>K–Incident Detail Report<br>O–Call for Service<br>P–Incident Detail Report<br>T–Screenshot of Text Message<br>U–Incident Detail Report |
| Third Order—"ordered [Father] to submit any and all medical and school information to [Mother], via Our Family Wizard" | X–Expense Details Report<br>Y1–Y5–Email Correspondence |

For each purported violation, Mother requested that the trial court "hold [Father] in contempt, or fine . . . [him] . . . ." Additionally, Mother prayed that Father be held in "contempt and punished," that he pay court costs, that a bond or security be ordered to ensure future compliance, that the trial court clarify any part of its prior order found not specific enough to be enforced by contempt, that the trial court enter any further orders it deems just, equitable and appropriate to facilitate compliance with the trial court's

---

[3] Mother also attached as exhibits the three orders referenced in this memorandum opinion.

[4] We have labeled the exhibits as they are identified on the exhibits themselves (whether typed or handwritten) or how Mother has identified them in her motion.

3

visitation and possession orders, that Father be ordered to jointly manage the children's care with Mother, that Father be ordered to jointly set up payment options with Mother when the children incur a large medical expense, that further orders be entered in the children's best interest, and that she be awarded any expenses, costs, interest, and further relief as authorized by law.

On April 29, 2024, Father filed an answer to Mother's motion for enforcement in which he, among other things, generally denied her allegations, alleged her claims were barred by res judicata, and requested sanctions against her. On September 24, 2024, a hearing was held on Mother's motion, and the following pertinent exchange ensued:

The Court:    Okay. [Mother], I believe this is your motion.

[Mother]:    Yes. It is my understanding I can make an opening statement.

The Court:    Well, tell me what your motion is.

[Mother]:    My motion is to enforce due to continuation of just blatant disregard to the Court orders, and there is evidence that is current stating that as well as interference with child custody has a three[-]year statute of limitations within the State of Texas.

The Court:    Okay. [Father's counsel].

. . . .

The Court:    [Mother].

[Mother]:    Again, this was brought up. There is continuation, everything from not being able to speak with the children freely, to . . . [Father] continues to dictate when I am allowed to see my children.

The Court:    Okay. We're not in an evidentiary portion at this moment. [Father's counsel] has made legal arguments that your claims are barred by res judicata.

Do you agree that you[r] alleged claims that (sic) predate the order that was entered in this case?

4

[Mother]: Under my understanding, no, due to the fact that the Court hearing was in January and instances that were documented happened prior to the signing of that court date—of that court order.

The Court: Okay. So the instances are prior to the court date—I mean the order date?

[Mother]: Being signed, correct.

The Court: Okay. So that is an admission that your claims are before the final order.

What the law says is that you cannot go behind a final order. The presumption is that when a final order is entered into a case, everything that occurred prior to that has already been addressed, so that's barred by res judicata.

[Mother]: Okay. So the continuation of failing to follow the current court order, where does that stand?

The Court: I don't have any evidence before me to make an assertion that there's a continuation. I am asking you about the legal requirements for you to bring this action and whether or not you've met them, and your response seems to indicate that you have not met them. You're bringing up matters that the Court cannot address. They've already been litigated.

[Mother]: So there's nothing of the current condition that my children are in that can be brought up today?

The Court: I have to go by what you filed with the Court.

[Mother]: Everything I filed was brought up in good faith due to the continuation of his pattern of behavior.

The Court: Well, I am going to have to dismiss the motion because it doesn't have any viable legal claims to move forward at this time.

[Mother]: Okay.

The Court: Okay. So the enforcement suit is dismissed.

. . . .

5

| [Father]: | I take it you're denying our request for sanctions, Your Honor? |
|---|---|
| The Court: | At this time, yes. |
| [Father]: | Who is preparing the order, Judge? |
| The Court: | Well, I think for efficiency, if you will. I don't want that expense on your client. |
| | You'll need to prepare an order that says that relief was denied today. |
| [Mother]: | Understood. |

On October 4, 2024, the trial court signed an order denying and dismissing Mother's motion. Mother then appealed.

## B.  Appellate Court Proceedings

Because our review of the record raised a question concerning our jurisdiction, we ordered Mother on January 6, 2026, "to file a response not later than January 26, 2026, showing cause why this appeal should not be dismissed." On January 26, 2026, Mother responded that we have jurisdiction. In relevant part, she argued that the October 4, 2024 order "fully and finally disposes of the Chapter 157 enforcement action and leaves no issues pending[; thus,] it is a final appealable order under Tex[as] Fam[ily] Code § 109.002." Additionally, she argued:

> To the extent the term 'enforcement' may raise concerns about contempt review, Texas law is clear: contempt orders are not reviewable by direct appeal, but only through habeas corpus (if confined) or mandamus (if not). This appeal is not from a contempt ruling, but from a denial of enforcement, which is properly reviewable on direct appeal as a final order.

## II.  DISCUSSION

## A.  Applicable Law

"Jurisdiction always comes first." *Rush Truck Ctrs. of Tex., L.P. v. Sayre*, 718

6

S.W.3d 233, 237 (Tex. 2025). This Court has jurisdiction over appeals from final orders arising under the Texas Family Code unless a statute authorizes an interlocutory appeal. *See* TEX. FAM. CODE § 109.002(b) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments."). However, orders enforcing a final judgment, such as contempt orders, are not themselves final, appealable orders. *In re A.P.*, No. 01-18-00935-CV, 2020 WL 1429926, at *2 (Tex. App.—Houston [1st Dist.] Mar. 24, 2020, no pet.) (mem. op.).

"Contempt is an inherent power of the court . . . , and chapter 157 of the Family Code provides the statutory framework for utilizing this power as a mechanism to enforce child support orders and other final orders in family court proceedings." *In re Off. of Att'y. Gen.*, 422 S.W.3d 623, 627 (Tex. 2013) (internal citation omitted). Contempt proceedings "are not concerned with disposing of all claims and parties before the court, as are judgments; instead, contempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it." *In re Off. of Att'y Gen. of Tex.,* 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007, orig. proceeding). "Chapter 157 provides for the filing of a motion to enforce requesting contempt and other relief . . . [.]" *In re Off. of Att'y. Gen.*, 422 S.W.3d at 627.

## B.     Analysis

Although Mother characterizes the nature of her appeal as one arising from the "denial of enforcement" as opposed to from a "contempt ruling," Mother's motion for enforcement sought an order from the trial court to enforce its previous orders. Stated

7

another way, the substance of her motion sought to have the trial court enforce the First Order, the Second Order, and the Third Order against Father by way of holding him "in contempt" or "fin[ing]" him for his alleged disobedience. *See In re Off. of Att'y Gen. of Tex.,* 215 S.W.3d at 915–16 ("[C]ontempt proceedings involve a court's enforcement of its own orders, regardless of the status of the claims between the parties before it."); *Ramirez v. Sanchez*, No. 01-21-00417-CV, 2023 WL 2919545, at *12 (Tex. App.— Houston [1st Dist.] Apr. 13, 2023, no pet.) (mem. op.) ("It is well-established that courts look to the substance of a motion to determine the relief sought, and not merely to its title." (citing *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999)); *see generally In re M.G.*, No. 13-09-00305-CV, 2010 WL 2776566, at *3 (Tex. App.—Corpus Christi–Edinburg July 15, 2010, no pet.) (mem. op.) (citations omitted) (concluding that Garzas' November 21, 2008 petition constituted an original rather than an amended petition after reasoning that "we look to the substance of a petition and not its title to determine its effect").

And even if one or more of the alleged violations occurred after the Third Order and had merit counter to Father's arguments made at the trial level and on appeal,[5] it would not change that we lack jurisdiction over the trial court's decision on Mother's sought after relief—i.e., holding Father in contempt. *See Norman v. Norman*, 692 S.W.2d 655, 655 (Tex. 1985) (per curiam) ("[A]n order finding a party not in contempt is not a final, appealable judgment."); *Hooper v. Hooper*, No. 14-09-01024-CV, 2011 WL 334198, at *1 (Tex. App.—Houston [14th Dist.] Feb. 3, 2011, no pet.) (mem. op.) ("[B]ecause this

---

[5] We observe that Father filed a brief and argued, among other things, that the trial court did not err by refusing to admit Mother's evidence because it was barred by res judicata.

is an appeal of the trial court's refusal to find appellee in contempt, we have no jurisdiction."); *see also Veranda Nation, Inc. v. Julian*, No. 01-22-00200-CV, 2023 WL 4710891, at *2 (Tex. App.—Houston [1st Dist.] July 25, 2023, no pet.) (mem. op.) ("An order finding a party not in contempt is not a final, appealable judgment, and an appellate court has no jurisdiction over such an order.") (citation omitted). In other words, win or lose, we lack jurisdiction on direct appeal from contempt rulings. *See In re R.J.J.*, No. 12-25-00126-CV, 2025 WL 3301167, at *5 (Tex. App.—Tyler Nov. 26, 2025, no pet.) (mem. op.) ("Courts of appeal generally do not have jurisdiction to review decisions in contempt proceedings (whether the court grants or denies the motion for contempt) on direct appeal . . . [.]") (citations omitted)). Accordingly, without reaching the merits of Mother's issues, we dismiss the appeal for lack of jurisdiction.

### III.  CONCLUSION

We dismiss this appeal for lack of jurisdiction.

JENNY CRON
Justice

Delivered and filed on the
26th day of March, 2026.

9